UNITED STATES of America, Appellee,

v.

Alba Denis ZULUAGA, Defendant–Appellant.

No. 192, Docket 92–1170.

United States Court of Appeals,
Second Circuit.

Argued Dec. 4, 1992.

Decided Dec. 8, 1992.

David J. Goldstein, Goldstein, Weinstein & Fuld, Bronx, N.Y., for defendant-appellant.

Ira M. Feinberg, Asst. U.S. Atty., S.D.N.Y. (Otto G. Obermaier, U.S. Atty., S.D.N.Y., New York City, of counsel), for appellee.

Before: WINTER and OAKES, Circuit Judges, and SOTOMAYOR, District Judge.*

PER CURIAM:

Alba Denis Zuluaga helped her boyfriend, Herson Hoyos, distribute cocaine. She pled guilty to one count of conspiracy to distribute and possess with intent to distribute between 400 and 500 grams of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(C) (1988). Chief Judge Brieant sentenced her to fifty-one months imprisonment, three years of supervised release, a drug testing and treatment program, and a mandatory special assessment of fifty dollars. She appealed from this sentence.

Her appeal was first dismissed as untimely but was subsequently reinstated. Thereafter, her counsel, appointed pursuant to the Criminal Justice Act, filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that there were no non-frivolous grounds for reversal. Based on his brief, counsel has moved to be relieved, and the

* The Hon. Sonia Sotomayor, U.S. District Judge for the Southern District of New York, sitting by designation.

government has moved for summary affirmance. We grant the motion to be relieved, deny the motion for summary affirmance, and order the appointment of new counsel.

The entire argument section of the *Anders* brief reads as follows:

An examination of the record herein reveals no rulings by the Court regarding evidentiary or other matters which might be pursued on appeal. The sentence received by the defendant was within the applicable guideline level and the level fixed was the one most favorable to the defendant. Such a sentence is unappealable.

This brief conclusory statement does not fulfill counsel's obligations under *Anders,* which requires that counsel conduct a "conscientious examination" of possible grounds for appeal and submit a "brief referring to anything in the record that might arguably support the appeal," including references both to the record and to potentially applicable legal authorities. *Anders,* 386 U.S. at 744, 87 S.Ct. at 1400. Counsel's conclusory statement is inadequate under this standard. *Nell v. James,* 811 F.2d 100, 104 (2d Cir.1987) (requiring *Anders* briefs to evidence an independent and conscientious examination of the record).

Counsel's failure to submit a proper *Anders* brief works two harms. First, it fails "to assist an appellate court … in its review of a motion to affirm summarily a district court order or judgment." *Id.* Second, and more importantly, it amounts to a constructive denial of counsel to appellants. "The *Anders* requirement assures that indigent defendants have the benefit of what wealthy defendants are able to acquire by purchase—a diligent and thorough review of the record and an identification of any arguable issues revealed by that review." *McCoy v. Court of Appeals of Wisconsin,* 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988); *see also Penson v. Ohio,* 488 U.S. 75, 82 n. 4, 109 S.Ct. 346, 350 n. 4, 102 L.Ed.2d 300 (1988) (*Anders* briefs important element of right to counsel).

We thus come to the question of remedy. There are two options. The first option is for us to examine the record and determine on our own whether there are non-frivolous grounds to be argued. Should we determine that such grounds exist, we would then appoint new counsel. Should we determine that such grounds do not exist, we would grant the motions to be relieved as counsel and for summary affirmance. The second option is to appoint new counsel to pursue the appeal without our first determining whether there are non-frivolous arguments for reversal. We believe that only the second course affords appellant her right to counsel. In *Penson,* it was argued that new counsel was not necessary when an appellate court, after an inadequate *Anders* brief had been filed, had itself searched the record, found error (on less than all counts of conviction), and redressed it. *Id.* 488 U.S. at 79, 109 S.Ct. at 349. The Court held that judicial scrutiny is no substitute for adversary representation. *Id.* at 86–87, 109 S.Ct. at 353. We believe that, similarly, a procedure in which appellate courts, after an inadequate *Anders* brief, review the record and appoint counsel only if they find non-frivolous arguments is constitutionally inadequate. Indeed, in *Penson,* the requirement of counsel clearly concerned the counts of conviction that had been found not to give rise to a non-frivolous argument for reversal, precisely the *Anders* situation.

Accordingly, rather than inquire into the merits of Zuluaga's appeal, we order new counsel to be appointed to pursue the appeal. We do not of course preclude the filing of a proper *Anders* brief. The motion to be relieved is granted. The motion for summary affirmance is denied. We order the appointment of new counsel.