**UNITED STATES of America, Appellee,**

v.

**Ramon URENA, Robert Paulino, Jhony Ovale, and José Santana, Defendants,**

**Francisco Baraga and Martin Estrella, Defendants–Appellants.**

Nos. 358, 1026, Dockets 93–1361, 93–1493.

United States Court of Appeals, Second Circuit.

Submitted April 29, 1994.

Decided May 4, 1994.

**708**

Goldstein, Weinstein & Fuld, Bronx, NY, for defendant-appellant Francisco Baraga.

Howard S. Ripps, Bronx, NY, for defendant-appellant Martin Estrella.

Before: WINTER, ALTIMARI, and BREYER,* Circuit Judges.

PER CURIAM:

Francisco Baraga appeals from his sentence of 70 months' imprisonment, 8 years' supervised release and a $50 special assessment imposed following his plea of guilty to conspiracy to distribute cocaine within 1000 feet of a school in violation of 21 U.S.C. § 846. Martin Estrella appeals from his sentence of 131 months' imprisonment and a $100 special assessment imposed following his plea of guilty to conspiracy to distribute cocaine within 1000 feet of a school, in violation of 21 U.S.C. § 846, and possession of a firearm in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924. Goldstein, Weinstein & Fuld ("GWF"), Baraga's retained counsel, and Howard S. Ripps, Estrella's retained counsel, request permission to withdraw pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

Although *Anders* motions are typically made by counsel appointed for indigent defendants pursuant to Fed.R.Crim.P. 44 and the Criminal Justice Act, 18 U.S.C. § 3006A, retained counsel may properly file *Anders* motions. Although we have never commented on this practice, we have granted *Anders* motions by retained counsel. *See, e.g., Grimes v. United States,* 607 F.2d 6, 7 (2d Cir.1979). The Supreme Court has declared in the *Anders* context that retained and appointed counsel share the responsibility not to "consume the time and the energies of the court or the opposing party by advancing frivolous arguments." *McCoy v. Court of Appeals of Wisc. Dist.,* 486 U.S. 429, 436, 108 S.Ct. 1895, 1901, 100 L.Ed.2d 440 (1988).

GWF and Ripps both claim that the court should grant their requests because the appeals contain no non-frivolous issues. The government has moved for summary affirmance as to both defendants. Because the *Anders* briefs are inadequate, we deny GWF and Ripps permission to withdraw until the defendants have been notified by the Clerk of their respective counsels' desires and of the opportunity to have new counsel appointed. The government's motions for summary affirmance are denied.

GWF's and Ripps' briefs fail to demonstrate a minimal effort to "search the record with care, and then to explain to an appellate court why there are no non-frivolous issues present." *Nell v. James,* 811 F.2d 100, 104 (2d Cir.1987). After noting that the district court's sentences fell within the applicable Guidelines ranges, GWF and Ripps neither identify possible issues for appeal nor discuss the sentencing transcript to demonstrate why no such issue exists. GWF and Ripps have not even included the sentencing transcripts in the appendices to their briefs without which it would not be possible to "search the record with care." *Id.* In addition, Ripps has not included his client's plea agreement.

A naked statement that no non-frivolous issues exist, without analysis or a discus-

---

* The Honorable Stephen G. Breyer, Chief Judge of the United States Court of Appeals for the First Circuit, sitting by designation.

sion of the record, is inadequate to fulfill counsel's obligations under *Anders.* *United States v. Burnett,* 989 F.2d 100 (2d Cir.1993); *United States v. Zuluaga,* 981 F.2d 74, 75 (2d Cir.1992) (per curiam), *cert. denied,* — U.S. ——, 114 S.Ct. 208, 126 L.Ed.2d 164 (1993). In *Zuluaga,* we denied an *Anders* motion which contained a scant one paragraph of argument, a "brief conclusory statement," which did not represent a " 'conscientious examination' of possible grounds for appeal." 981 F.2d at 75 (quoting *Anders,* 386 U.S. at 744, 87 S.Ct. at 1400). Neither did the brief in *Zuluaga* refer " 'to anything in the record that might arguably support the appeal.' " 981 F.2d at 75 (quoting *Anders,* 386 U.S. at 744, 87 S.Ct. at 1400). In *Burnett,* we refused to grant an *Anders* motion by an attorney whose brief failed to "indicate what issues might exist and why pursuing them is frivolous." 989 F.2d at 103.

 GWF and Ripps have neither exhibited a conscientious examination of possible grounds for appeal nor indicated the full range of possible issues and why pursuing them would be frivolous. Neither addresses beyond conclusory assertions standard issues for appeal from a sentence such as whether the sentence was correctly imposed under 18 U.S.C. § 3553. GWF's and Ripps' submitted *Anders* briefs are thus "for all practical purposes worthless." *Burnett,* 989 F.2d at 105. Had GWF and Ripps been appointed by the court, we would remove them and order the appointment of new counsel. 18 U.S.C. § 3006A(c); *Burnett,* 989 F.2d at 105. However, they are retained counsel, and we believe that they should not be relieved unless appellants so desire. We direct the Clerk to inform Estrella and Baraga in writing, with a copy of this opinion, of their right to continue to retain GWF and Ripps respectively as their counsel, to proceed *pro se,* or to retain new counsel, or, if they cannot afford new counsel, to have one appointed by the court pursuant to 18 U.S.C. § 3006A. *Cf. Zuluaga,* 981 F.2d at 75 (holding in situation of appointed counsel that, if non-frivolous issues may exist, new counsel must be appointed). Estrella and Baraga have been notified of their counsels' desire to withdraw and have not objected. If, 30 days after notification from the Clerk, they have not responded, we will assume they cannot afford new counsel, new counsel will be appointed, and the motions to withdraw will be granted.

The government's motions for summary affirmance are denied. GWF and Ripps are preliminarily denied permission to withdraw as counsel. The clerk shall notify Estrella and Baraga as directed herein.

So ordered.