| .PER CURIAM.
Defendant’s counsel seeks to withdraw from this case as counsel of record pursuant to the procedures outlined in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), as interpreted by State v. Benjamin, 573 So.2d 528 (La.App. 4 Cir.1990). For the following reasons, we deny defense counsel’s motion to withdraw and instruct him to file a new brief which complies with the guidelines set forth in State v. Jyles, 96-2669 (La.12/12/97); 704 So.2d 241.
After summarizing the facts and procedural history of the case, counsel contends that he found no errors patent on the face of the record. Counsel contends that one possible error may be defense counsel’s failure to call an expert witness to testify about the effects of intoxication and/or drug use on the Defendant’s ability to form specific intent. In his motion to withdraw, counsel claims that after a thorough and conscientious review of the record, an appeal would be frivolous? The Defendant filed a pro se motion entitled “Defendant Motion to Remove Brittain Law Firm, LLC as Counsel of Record and Objection to Favorable Consideration under State v. Benjamin, 573 So.2d 528 (La. App. 4th Cir.1990)” in which he contends there are numerous errors his attorney should have discovered.
The supreme court clarified the requirements of an Anders brief in Jyles, 96-2669, pp. 2-3; 704 So.2d 241 (alteration in original). In that case, the supreme court stated:
An Anders brief need not catalog tediously every meritless objection made at trial or by way of pre-trial motions with a labored explanation of why the objections all lack merit. See Jones v. Barnes, 463 U.S. 745, 752-53, 103 S.Ct. 3308, 3313-14, 77 L.Ed.2d 987 (1983) (“There can hardly be any question about the importance of having the appellate advocate examine the record with a view to selecting the most promising issues for review.... [I]mpos[ing] on appointed counsel a | ¡¡duty to raise every ‘colorable’ claim suggested by a client would disserve the very goal of vigorous and effective advocacy that underlies Anders”). Nevertheless, “[ujnlike the typical advocate’s brief in a criminal appeal, which has as its sole purpose the persuasion of the court to grant relief,” the Anders brief must “assure the court that the indigent defendant’s constitutional rights have not been violated.” McCoy, 486 U.S. at 442, 108 S.Ct. at 1903. Counsel must demonstrate to the appellate court by full discussion and analysis that he has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration. See United States v. Pippen, 115 F.3d 422, 426 (7th Cir.1997) (a brief which offers “no hint of a discussion of arguments that might be raised and why counsel believes them to be frivolous” does not comply with Anders and its progeny); United States v. Urena, 23 F.3d 707, 708-09 (2nd Cir.1994) (“A naked statement that no non-frivolous issues exist, without analysis or a discussion of the record, is inadequate to fulfill counsel’s obligations under Anders”). Independent review of the record by the appellate court, or the opportunity of the defendant to file his own brief, while providing important and necessary safeguards, cannot substitute for the essen *396 tial equal protection requirement that appointed counsel representing an indigent defendant “act in the role of an active advocate in behalf of his client, as opposed to that of amicus curiae.” An-ders v. California, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967).
The court affirmed its general endorsement of Benjamin, but stressed that “the brief filed by counsel must review not only the procedural history of the case and the evidence presented at trial, but also must provide,” “a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place.” Id. at 242. Appellate counsel’s brief in the present case does not comply with the requirements of Jyles.
By separate order, counsel is being ordered to lile a new brief, complying with the requirements set forth in Jyles, 96-2669; 704 So.2d 241. Additionally, counsel is being forwarded a copy of the Defendant’s pro se motion entitled “Defendant Motion to Remove Brittain Law Firm, LLC as Counsel of Record and Objection to Favorable Consideration under State v. Benjamin, 573 So.2d 528 (LaApp. 4th Cir.|31990)” for his review and determination of whether it contains any non-frivolous issues which would support an assignment of error.
Accordingly, by separate order this date, we order appellate counsel to file a new appellate brief which either complies with Jyles or addresses specific assigned errors. Counsel’s motion to withdraw is denied. MOTION TO WITHDRAW DENIED; NEW BRIEFING ORDERED.
hORDER
After consideration of Defense counsel’s request to withdraw as counsel and the appeal presently pending in the above-captioned matter,
IT IS HEREBY ORDERED that appellate counsel, within fifty-five days of the date of this order, file a new brief complying with the guidelines set forth in State v. Jyles, 96-2669 (La.12/12/97); 704 So.2d 241. Counsel has failed to demonstrate to this court by “full discussion and analysis that he has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury.” Id. at 241. Thus, counsel is ordered to file a new brief in compliance with Jyles, 96-2669; 704 So.2d 241. Additionally, counsel is being forwarded a copy of the Defendant’s pro se motion entitled “Defendant Motion to Remove Brittain Law Firm, LLC as Counsel of Record and Objection to Favorable Consideration under State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990)” for his review and determination of whether it contains any non-frivolous issues which would support an assignment of error. If so, counsel shall address these issues in his brief.
THUS DONE AND SIGNED this 6 day of December, 2000.
COURT OF APPEAL, THIRD CIRCUIT
/s/ Ned E, Doucet, Jr. Chief Judge Ned E. Doucet, Jr.
/s/ Henry L. Yelverton Judge Henry L. Yelverton
/s/ John D. Saunders Judge John D. Saunders