JjPER CURIAM.
The defendant was convicted of possession of a controlled substance, cocaine, with the intent to distribute and was sentenced to fifteen years at hard labor. The defendant appeals his conviction and sentence and has filed a pro se brief. Defense counsel has filed a motion to withdraw as appellate counsel asserting that no non-frivolous issues remain. Finding counsel’s brief does not satisfy the requirements for such a brief as explained by the Louisiana Supreme Court in State v. Jyles, 96-2669 (La.12/12/97); 704 So.2d 241, we deny counsel’s motion to withdraw and instruct him to file a new brief.
After a summary of the facts and procedural history of the case, counsel’s argument, in its entirety, is as follows:
On March 17, 2000 counsel for Russell Antoine, Sr. alleged that the verdict rendered in this case is not supported by the law and the evidence. However, *87 after a conscientious and thorough review of the trial court record and pretrial notes counsel for Russell Antoine, Sr. can find no non-frivolous issues to raise on appeal and no rulings of the court which arguably support[ ] the appeal.
Counsel asserts that there appearf] various objections during the course of the trial but sincerely and professionally feel that the rulings of the trial court thereon adverse to Russell Antoine, Sr. do not arguably support the appeal.
Counsel request that this Honorable court conduct a review for error(s) patent on the face of the record in accordance with State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990); Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.[2d] 493.
Although the Louisiana Supreme Court has stated that defense counsel is not required to recount all objections and explain why they are meritless, it has further instructed that the Anders brief must assure the reviewing court that a defendant’s constitutional rights have not been violated. Jyles, 96-2669; 704 So.2d 241. The court explained:
| ^Counsel must demonstrate to the appellate court by full discussion and analysis that he has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration. See United States v. Pippen, 115 F.3d 422, 426 (7th Cir.1997) (a brief which offers “no hint of a discussion of arguments that might be raised and why counsel believes them to be frivolous” does not comply with Anders and its progeny); United States v. Urena, 23 F.3d 707, 708-09 (2nd Cir. 1994) (“A naked statement that no non-frivolous issues exist, without analysis or a discussion of the record, is inadequate to fulfill counsel’s obligations under Anders ”). Independent review of the record by the appellate court, or the opportunity of the defendant to file his own brief, while providing important and necessary safeguards, cannot substitute for the essential equal protection requirement that appointed counsel representing an indigent defendant “act in the role of an active advocate in behalf of his client, as opposed to that of amicus curiae.” Anders v. California, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967).
Id. at p. 2-3; 241.
In Jyles, the supreme court confirmed its endorsement of State v. Benjamin, 573 So.2d 528 (La.App. 4 Cir.1990), the case upon which defense counsel relies, but went on to state that “the brief filed by counsel must review not only the procedural history of the case and the evidence presented at trial, but also must provide, ‘a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place.’ ” Id. at p. 3; 242. Defense counsel’s brief is insufficient given this standard.
Thus, counsel is ordered to file a new brief, complying with the requirements articulated in Jyles, 96-2669; 704 So.2d 241. Additionally, counsel is being forwarded a copy of the defendant’s pro se brief for his review and determination of whether it contains any non-frivolous issues. See State v. Prudhomme, 99-2029 (La.App. 3 Cir. 12/6/00); — So.2d -, 2000 WL 1919396.
|aBy separate order, we instruct appellate counsel to file a new appellate brief which either complies with Jyles or addresses specific assigned errors.
Counsel’s motion to withdraw is denied.
*88 MOTION TO WITHDRAW DENIED; NEW BRIEFING ORDERED.

_^ORDER

After consideration of defense counsel’s request to withdraw as counsel and the appeal presently pending in the above-captioned matter,
IT IS HEREBY ORDERED that appellate counsel, within fifty-five days of the date of this order, file a new brief complying with the guidelines set forth in State v. Jyles, 96-2669 (La.12/12/97); 704 So.2d 241. Counsel has failed to demonstrate to this court by “full discussion and analysis that he has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury.” Id. at p. 2; 241. Thus, counsel is ordered to file a new brief in compliance with Jyles, 96-2669; 704 So.2d 241. Additionally, counsel is being forwarded a copy of the defendant’s pro se brief for his review and determination of whether it contains any non-frivolous issues which would support an assignment of error. If so, counsel shall address these issues in his brief.
/s/ Billie Colombaro Woodard Judge Billie Colombaro Woodard
/s/ Marc T. Amy Marc T. Amy
/s/ Elizabeth A. Pickett Elizabeth A. Pickett