804 So.2d 869 (2001)
STATE of Louisiana
v.
Russell ANTOINE.
No. 01-1036.
Court of Appeal of Louisiana, Third Circuit.
December 26, 2001.
*871 Robert Richard Bryant, Jr., District Attorney, Lake Charles, LA, Counsel for Plaintiff/Appellee, State of Louisiana.
James Edward Burks, Attorney at Law, Lake Charles, LA, Counsel for Defendant/Appellant, Russell Antoine.
Russell Antoine, St. Gabriel, LA, Defendant/Pro Se Counsel.
Court composed of BILLIE COLOMBARO WOODARD, MARC T. AMY and ELIZABETH A. PICKETT, Judges.
AMY, Judge.
The defendant was convicted of possession of cocaine with intent to distribute and subsequently adjudicated an habitual offender. A fifteen-year sentence was imposed. The defendant appeals. For the following reasons, we affirm.

Factual and Procedural Background
On November 3, 1998, Detective Gary Sonnier of the Lake Charles Police Department obtained a search warrant for the residence of the defendant, Russell Antoine. According to the affidavit filed in support of the warrant, officers received information indicating that the defendant was selling crack cocaine from his residence. When the warrant was executed, officers entered the house, finding the defendant in the residence, along with Larry James and Angela Jordan. Detective Sonnier testified that he located Jordan in a bedroom and found two pieces of crack cocaine on the floor. James and the defendant were in the living room. According to Cynthia Barfield, also with the Lake Charles Police Department at that time, a couch on which the defendant was seated was eventually lifted, and a bag with what was later determined to be crack cocaine was found underneath. All three of the individuals inside the residence were arrested.
On April 20, 1999, the defendant was indicted for possession of cocaine with the intent to distribute, a violation of La.R.S. 40:967(A).[1] He subsequently entered a plea of not guilty. On December 14 and 15, 1999, the defendant was tried before a jury and was convicted as charged. The State subsequently filed a habitual offender bill, seeking to have the defendant declared a second felony offender. Following a hearing, the trial court determined the defendant to be a second offender. He was sentenced to fifteen years in the custody of the Department of Corrections.
The defendant appeals, with both a brief from appellate counsel and one filed on his own behalf. In his pro se brief, the defendant questions whether: 1) He was provided *872 with effective assistance of counsel; 2) The trial court erred in giving jury instructions contrary to the reasonable doubt standard; 3) There was sufficient evidence of the conviction; and 4) The sentence imposed was excessive. Appellate counsel questions only whether the defendant had effective assistance of counsel at the trial level.[2]

Discussion

Errors Patent
As is required by La.Code Crim.P. art. 920, we have reviewed this matter for errors patent on the face of the record. We have discovered two such errors.
First, the trial court did not indicate that the first five years of the defendant's sentence is to be served without benefit of probation, parole or suspension of sentence as is required by La.R.S. 40:967(B)(4)(b).[3] Despite this omission, La.R.S. 15:301.1 indicates that the sentence is deemed to contain this restriction, by providing:
A. When a criminal statute requires that all or a portion of a sentence imposed for a violation of that statute be served without benefit of probation, parole, or suspension of sentence, each sentence which is imposed under the provisions of that statute shall be deemed to contain the provisions relating to the service of that sentence without benefit of probation, parole, or suspension of sentence. The failure of a sentencing court to specifically state that all or a portion of the sentence is to be served without benefit of probation, parole, or suspension of sentence shall not in any way affect the statutory requirement that all or a portion of the sentence be served without benefit of probation, parole, or suspension of sentence.
See also State v. Williams, 00-1725 (La.11/28/01): 800 So.2d 790. Accordingly, the defendant's sentence is deemed to contain a provision indicating that the first five years are to be served without benefit of probation, parole, or suspension of sentence.
Next, the record indicates that a habitual offender hearing was held on March 10, 2000. However, the transcript does not indicate that the defendant was advised of his right to remain silent and the right to have the State prove its case against him. Although he was not advised of these rights, any error is harmless as the defendant, in fact, exercised his right to remain silent. Further, the State introduced sufficient evidence prior to his adjudication. See State v. Carthan, 99-512 (La.App. 3 Cir. 12/08/99); 765 So.2d 357, writ denied, 00-359 (La.1/12/01); 778 So.2d 547.

*873 Sufficiency of the Evidence

We first consider the defendant's assertion that the State presented insufficient evidence to convict him of the charge of possession of cocaine with the intent to distribute.[4] According to Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), an appellate court performing a sufficiency review must consider, after viewing the evidence presented in the light most favorable to the State, whether any rational trier of fact could have determined that all essential elements of the offense were proved beyond a reasonable doubt. La.R.S. 15:438 further provides: "The rule as to circumstantial evidence is: assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence."
In support of its case, the State presented testimony from Detective Sonnier, who explained that when the search warrant was executed, the officers entered the home and found the defendant sitting on a couch in the living room and Larry James sitting in a chair across from the defendant, approximately seven to eight feet from the defendant. Detective Sonnier found Angela Jordan in a back bedroom. In the bedroom, he found "a couple of pieces of crack cocaine l[ ]ying on the floor." Detective Sonnier explained that the officers continued searching the house and that Cynthia Barfield, who was a sergeant with the Lake Charles Police Department at that time, located the bulk of the crack cocaine found. Sergeant Barfield testified that, while conducting the search of the residence, she asked the defendant to get up from his seat on the couch. She explained that, when she did so, she found a bag underneath that was later determined to contain the sixty-six rocks of crack cocaine.
With regard to the issue of possession, the State may satisfy this element by establishing either actual or constructive possession of the narcotics. State v. Perkins, 97-1119 (La.App. 3 Cir. 6/17/98); 716 So.2d 120. Constructive possession is established if it is demonstrated that the defendant exercised dominion and control over the drugs. Id. Reviewing factors considered in the determination as to whether constructive possession has been established, a panel of this court explained:
Louisiana jurisprudence is clear that in order to convict a person on the basis of constructive possession, something more than mere presence in the area where the drugs are found or mere association with the person in actual custody of drugs must be shown. State v. Williams, 546 So.2d 963 (La.App. 3 Cir. 1989), citing State v. Alford, 323 So.2d 788 (La.1975). Several cases have listed certain factors which may be considered in determining whether a defendant is in constructive possession of narcotics. These factors include the defendant's knowledge that illegal drugs are in the area; the defendant's relationship with the person who has physical possession of the drugs; the defendant's access to the area where the drugs were found; evidence of recent drug use by the defendant; the defendant's physical proximity to the drugs; and evidence that the residence was frequented by drug *874 users. See State v. King, 554 So.2d 254 (La.App. 3 Cir.1989).
Id. at p. 15; 129.
The State's evidence satisfies the considerations expressed above. In sum, the jury was presented with evidence indicating that authorities executed a search warrant in the defendant's home, an area to which he clearly had access. Further, the bag of crack cocaine was found directly underneath the couch on which the defendant was seated. Again, not only did this evidence demonstrate access to the area, but it established a close physical proximity to their location. The only other person in the room, Larry James, was estimated to be sitting seven to eight feet from the defendant. The State's evidence is sufficient as to this element.
With regard to the element of intent to distribute, the Louisiana Supreme Court addressed the factors useful in a determination of whether circumstantial evidence is sufficient to satisfy this element. In State v. Hearold, 603 So.2d 731, 735 (La. 1992), the Supreme Court stated:
These factors include (1) whether the defendant ever distributed or attempted to distribute the drug; (2) whether the drug was in a form usually associated with possession for distribution to others; (3) whether the amount of drug was in a form usually associated with possession for distribution to others; (3) whether the amount of drug created an inference of an intent to distribute; (4) whether expert or other testimony established that the amount of drug found in the defendant's possession is inconsistent with personal use only; and (5) whether there was any paraphernalia, such as baggies or scales, evidencing an intent to distribute.
Detective Sonnier, who was assigned to the narcotics division at the time of the arrest, testified that the quantity found was not consistent with personal use. When questioned as to why he felt it was packaged for sale, Detective Sonnier stated:
Because the amount, the quantity, 66 pieces, there'syou do not keep 66 pieces if you're a smoker like that because you're too busy smoking it (sic.) It's so addictive. I mean, they'll run through it so quick it's unreal. So, that's packaged for sale. You have it ready. You move. You have your customers coming by. You have them already cut up and all. Just get rid of them.
Detective Sonnier affirmed that it was his understanding that the location where the crack cocaine was found was a residence leased by the defendant.
Viewing this evidence in a light most favorable to the State, as we are instructed to do by Jackson, this evidence is sufficient for any rational trier of fact to determine that all elements of the offense of possession of cocaine with the intent to distribute were proved beyond a reasonable doubt. This assignment lacks merit.

Ineffective Assistance of Counsel
Defense counsel asserts that the defendant was denied the effective assistance of counsel at trial. In particular, he contends that trial counsel failed to adequately investigate Mr. Antoine's case, instead relying on the State's investigation. Counsel contends that this inadequate investigation prejudiced the defendant in both the guilt and sentencing phases of the case. Appellate counsel also contends that trial counsel failed to keep the defendant apprised of the progress of the case, failed to address the defendant's concerns, and failed to meet with the defendant to discuss "irregularities Mr. Antoine believed were present in this matter." Finally, appellate counsel contends that trial counsel failed to *875 object to evidence offered at trial, to call witnesses on the defendant's behalf, and to file necessary pretrial motions. This final omission, appellate counsel contends, required the defendant to undertake his own defense by filing pro se motions.
Generally, a claim of ineffective assistance of counsel is appropriate for post-conviction review, not appeal. State v. Bright, 98-398 (La.4/11/00); 776 So.2d 1134. If relegated to post-conviction proceedings, the trial court is in a position to conduct a full evidentiary hearing. State v. Guillory, 00-386 (La.App. 3 Cir. 11/2/00); 773 So.2d 794. This type of claim may be reviewed on appeal, however, if the evidence necessary to decide the issue is present in the record. Id.
Defense counsel's brief sets forth only general allegations and fails to provide information sufficient to address the claims. The defense brief does not provide the type of objection allegedly required of trial counsel, nor does it indicate the type of evidence that would have been the subject matter of the objections. Neither is there reference to specific witnesses, in addition to those actually called by trial counsel, who could have been called but were not. In short, pursuit of these claims requires information available only through post-conviction proceedings. Accordingly, we do not address these arguments, finding them appropriately pursued through post-conviction relief proceedings in the event the defendant chooses to pursue that method of review.
We note that in his pro se brief, the defendant also makes a claim of ineffective assistance of counsel contending that his trial counsel failed to appeal his case. He contends that the Anders brief originally filed by his appellate counsel is equivalent to failing to appeal. This is contrary to the requirements of an attorney filing this type of brief and the attorney's obligation to review the record and determine whether potential errors are frivolous or meritorious. See State v. Jyles, 96-2669 (La.12/12/97); 704 So.2d 241. Furthermore, we point out that, after this court ordered that the requirements of Jyles be demonstrated by appellate counsel, a subsequent brief was filed, setting forth the assignment of error discussed above. This pro se argument lacks merit.

Jury Instructions
The defendant next contends that the trial court's instruction as to reasonable doubt was flawed, possibly confusing the jurors. Although the instruction, as read to the jury, has not been transcribed, a copy of the instructions, signed by the trial judge, are contained in the record. With regard to the instruction on reasonable doubt, the instructions provide:
THE DEFENDANT IS PRESUMED TO BE INNOCENT UNTIL EACH ELEMENT OF THE CRIME NECESSARY TO CONSTITUTE HIS GUILT IS PROVEN BEYOND A REASONABLE DOUBT. THE DEFENDANT IS NOT REQUIRED TO PROVE THAT HE IS INNOCENT. THE DEFENDANT BEGINS THE TRIAL WITH A CLEAN SLATE.
THE BURDEN IS UPON THE STATE TO PROVE THE DEFENDANT'S GUILT BEYOND A REASONABLE DOUBT. IN CONSIDERING THE EVIDENCE, YOU MUST GIVE THE DEFENDANT THE BENEFIT OF EVERY REASONABLE DOUBT ARISING OUT OF THE EVIDENCE OR OUT OF THE LACK OF EVIDENCE. IF YOU ARE NOT CONVINCED OF THE GUILT OF THE DEFENDANT BEYOND A REASONABLE DOUBT, YOU MUST FIND HIM NOT GUILTY.

*876 WHILE THE STATE MUST PROVE GUILT BEYOND A REASONABLE DOUBT, IT DOES NOT HAVE TO PROVE GUILT BEYOND ALL POSSIBLE DOUBT. REASONABLE DOUBT IS DOUBT BASED ON REASON AND COMMON SENSE AND IS PRESENT WHEN, AFTER YOU HAVE CAREFULLY CONSIDERED ALL THE EVIDENCE, YOU CANNOT SAY THAT YOU ARE FIRMLY CONVINCED THAT THE CHARGE IS TRUE.
The defendant claims that the trial court's use of the phrase "reasonable doubt is doubt based upon reason and common sense" constitutes "circular semantics" and confused the jurors. He contends that the above instruction did not permit reasonable persons of ordinary intelligence to understand the definition of guilt beyond a reasonable doubt. The defendant asserts that the jurors were likely confused, believing that the burden of proof was no longer guilty beyond a reasonable doubt, but that it was closer to "beyond an extensive doubt." Having reviewed the instruction, we find no merit in this argument.
In assessing reasonable doubt instructions, the appellate court is to consider the challenged terms in relation to the entirety of the instructions and determine whether there is a reasonable likelihood that the jury applied the contested instruction in an unconstitutional manner. State v. Bolden, 95-749 (La.App. 3 Cir. 4/17/96); 680 So.2d 6, writ denied, 96-1272 (La.11/22/96); 683 So.2d 286. Having conducted this review, we do not conclude that there is any reasonable likelihood that the jury misapplied the instruction. This assignment lacks merit.

Excessiveness of the Sentence
Finally, the defendant contends that the trial court erred in imposing what he contends is an excessive sentence. He asserts that the trial court failed to consider the sentencing guidelines of La.Code Crim.P. art. 894.1 and further failed to adequately state for the record the facts that he considered in imposing the sentence. Without elaboration, the defendant states that "the trial judge had a long, and emotional speech which created an unfair and prejudicial atmosphere which lead to the excessive sentence imposed...."[5]
As addressed above, following his conviction for possession of cocaine with the intent to distribute, Mr. Antoine was adjudicated an habitual offender due to a prior conviction for possession of cocaine with intent to distribute. The trial court sentenced the defendant to fifteen years in the custody of the Department of Corrections.
The sentencing ranges applicable to second and subsequent offenses are set forth in La.R.S. 15:529.1, which provides:
A. (1) Any person who, after having been convicted within this state of a felony or adjudicated a delinquent under Title VIII of the Louisiana Children's Code for the commission of a felonygrade violation of either the Louisiana Controlled Dangerous Substances Law involving the manufacture, distribution, or possession with intent to distribute a controlled dangerous substance or a crime of violence as listed in Paragraph (2) of this Subsection, or who, after having been convicted under the laws of any *877 other state or of the United States, or any foreign government of a crime which, if committed in this state would be a felony, thereafter commits any subsequent felony within this state, upon conviction of said felony, shall be punished as follows:
(a) If the second felony is such that upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life, then the sentence to imprisonment shall be for a determinate term not less than one-half the longest term and not more than twice the longest term prescribed for a first conviction;
The defendant's first felony conviction was also for possession of cocaine with the intent to distribute. According to La.R.S. 40:967(B), an initial conviction for this offense carries a sentencing range of five to thirty years. Noting the thirty-year maximum sentence applicable to the first offense, the trial court stated:
So given the mandatory minimum sentence under habitual offender, Mr. Antoine, as a second offender, the sentence range of your case is increased, if you didn't know that, and you were subject on the original conviction of a sentence 5 to 30 years.
And as a second habitual offender you're subject to a minimum sentence of one half of the original maximum up to twice the original maximum. So instead of being 5 to 30, your sentencing range is 15 to 60 years as a second offender, habitual offender.
But I do think given Mr. Antoine's age and the circumstances and that he has no violent history of any conviction regarding any violent conduct I think the statutory minimum is the appropriate sentence in this case.
That's what I impose. I'm going to sentence you to serve 15 years in the custody of the Department of Corrections and give you credit for the time served. And the sentence is imposed under the habitual offender statute at Title 15:529.1.
Thus, the defendant was sentenced to the minimum sentence allowable.
Although a sentence is within statutory limits, it may still be found to be excessive and is, accordingly, appropriate for review on appeal. State v. Campbell, 404 So.2d 1205 (La.1981). In determining whether the sentence is excessive, the court must determine whether the penalty is grossly disproportionate to the severity of the crime, considering whether the penalty is so disproportionate as to shock our sense of justice. Id. quoting State v. Bonanno, 384 So.2d 355 (La.1980). Having reviewed the sentencing transcript as a whole, as well as the entirety of the record, we do not find that the fifteen-year sentence imposed is excessive. Rather, the transcript reflects that the trial court issued reasons for the sentence, commenting upon a number of mitigating circumstances, leading to the minimum sentence allowable by statute.
This sentence lacks merit.

DECREE
For the foregoing reasons, the conviction and sentence of the defendant, Russell Antoine, are affirmed.
AFFIRMED.
NOTES
[1] La.R.S. 40:967(A) provides:

A. Manufacture; distribution. Except as authorized by this Part or by Part VII-B of Chapter 5 of Title 40 of the Louisiana Revised Statutes of 1950, it shall be unlawful for any person knowingly or intentionally:
(1) To produce, manufacture, distribute, or dispense or possess with intent to produce, manufacture, distribute, or dispense, a controlled dangerous substance classified in Schedule II;
(2) To create, distribute, or possess with intent to distribute, a counterfeit controlled dangerous substance classified in Schedule II.
[2] We note that this matter was earlier before this court. However, it was determined that appellate counsel's Anders brief failed to satisfy the requirements discussed by the Louisiana Supreme Court in State v. Jyles, 96-2669 (La.12/12/97); 704 So.2d 241. Thus the matter was remanded to the district court and defense counsel ordered to file a new brief in compliance with the supreme court's guidelines. See State v. Antoine, 00-1395 (La.App. 3 Cir. 5/2/01); 790 So.2d 86. As defense counsel has filed a new brief, this matter is again before the court.
[3] La.R.S. 40:967(B)(4)(b) provides:

Distribution, dispensing, or possession with intent to produce, manufacture, distribute or dispense cocaine or cocaine base or a mixture or substance containing cocaine or its analogues as provided in Schedule II(A)(4) of R.S. 40:964 shall be sentenced to a term of imprisonment at hard labor for not less than five years nor more than thirty years, with the first five years of said sentence being without benefit of parole, probation, or suspension of sentence; and may, in addition, be sentenced to pay a fine of not more than fifty thousand dollars.
[4] Under this heading, and in addition to arguments related to sufficiency of the evidence, the defendant questions the validity of the search warrant and the propriety of the search. However, these questions are not properly before the court as no motion to suppress was filed in order to preserve the argument. Therefore, we discuss only the argument regarding sufficiency of the evidence.
[5] This statement in the defendant's brief is the only reference/argument regarding any such comments from the trial court. No such "speech" is found in the record. Further, the same trial judge presided over the trial, the habitual offender hearing, and the imposition of sentence.