NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

23-342

STATE OF LOUISIANA

VERSUS

BRANDON JEROME JEFFERSON

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 24307-19
HONORABLE DERRICK D. KEE, DISTRICT JUDGE

**********

CHARLES G. FITZGERALD
JUDGE

**********

Court composed of Elizabeth A. Pickett, Shannon J. Gremillion, and Charles G. Fitzgerald, Judges.

CONVICTION AND SENTENCE AFFIRMED;
MOTION TO WITHDRAW GRANTED.

**G. Paul Marx**
**Louisiana Appellate Project**
**Post Office Box 82389**
**Lafayette, Louisiana  70598**
**(337) 237-2537**
**Counsel for Defendant/Appellant:**
     **Brandon Jerome Jefferson**


**Stephen C. Dwight**
**District Attorney**
**John Eric Turner**
**Assistant District Attorney**
**14th Judicial District**
**901 Lakeshore Drive, Suite 800**
**Lake Charles, Louisiana  70601**
**(337) 437-3400**
**Counsel for Appellee:**
     **State of Louisiana**

**FITZGERALD, Judge.**

In this appeal, Brandon Jerome Jefferson (Defendant) appeals his conviction and sentence for manslaughter.

## PROCEDURAL HISTORY

On November 14, 2019, Defendant was charged by indictment with second degree murder in violation of La.R.S. 14:30.1. Thereafter, on December 16, 2021, an amended indictment charged Defendant with first degree murder in violation of La.R.S. 14:30. Four months later, on March 7, 2022, the indictment was orally amended to charge Defendant with manslaughter in violation of La.R.S. 14:31. Defendant then entered a plea of guilty to that charge.

On May 4, 2022, Defendant was sentenced to serve thirty-eight years at hard labor. Defendant, in turn, filed a pro se Motion to Reconsider Sentence. The motion was denied by the trial court at a hearing on January 19, 2023. This appeal followed.

## LAW AND ANALYSIS

### I.    Errors Patent

Pursuant to La.Code Crim.P. art. 920, we find no errors patent on the face of the record.

### II.    *Anders* Analysis

Defendant's appeal counsel has filed a brief and motion to withdraw in accordance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967). The Louisiana Supreme Court differentiated an *Anders* brief from the typical appellate brief in *State v. Jyles*, 96-2669 (La. 12/12/97), 704 So.2d 241. There, the supreme court explained that "'[u]nlike the typical advocate's brief in a criminal appeal, which has as its sole purpose the persuasion of the court to grant relief,' the *Anders* brief must 'assure the court that the indigent defendant's constitutional rights have

not been violated.'" *Id*. at 241 (quoting *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442, 108 S.Ct. 1895, 1903 (1988)).

The *Anders* brief here initially states that there are no non-frivolous issues on which an appeal could be based. The brief notes that Defendant was charged with first degree murder, which is punishable by life imprisonment, and entered an open-ended plea of guilty to the reduced charge of manslaughter. In essence, Defendant pled guilty to the reduced charge of manslaughter in exchange for a sentencing cap of forty years and the dismissal of the first degree murder charge.

Defense counsel's *Anders* brief indicates that the trial court properly *Boykinized* Defendant, and Defendant agreed with the factual basis presented by the State.[1] The brief notes that a sentencing hearing was subsequently held, and the trial court gave extensive reasons for the sentence imposed.

Defense counsel's *Anders* brief then addresses Defendant's pro se Motion to Reconsider Sentence. In that motion, Defendant alleged that his trial counsel gave misleading information by advising him that a sentence of less than thirty-eight years would be imposed. At the hearing on the motion, the trial court determined that this was a claim of ineffective assistance of counsel which was not properly before it. In like manner, the *Anders* brief suggests that this claim is not subject to review on appeal because the evidence necessary to decide the issue is not in the record.

The *Anders* brief submitted in this case assures us that Defendant's constitutional rights have not been violated. However, our review does not end here. A proper *Anders* analysis also imposes requirements on our independent review of

---

[1] In *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709 (1969), the Supreme Court emphasized three federal constitutional rights which are waived by a guilty plea: the privilege against self-incrimination; the right to trial by jury; and the right to confront one's accusers. The purpose of the *Boykin* rule is to ensure that the defendant had adequate information to plead guilty intelligently and voluntarily.

the record. The fourth circuit addressed these requirements in *State v. Benjamin*, 573 So.2d 528, 531 (La.App. 4 Cir. 1990), explaining that:

> This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

Pursuant to *Anders*, 386 U.S. 738, and *Benjamin*, 573 So.2d 528, we have performed a thorough review of the record, including the transcripts, pleadings, minute entries, and the charging instrument. Defendant was properly charged in an indictment. He was present and represented by counsel at all crucial stages of the proceedings. He entered an unqualified guilty plea, and that plea was freely and voluntarily entered after he was advised of his rights pursuant to *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709 (1969). The entry of that plea waived all pre-plea non-jurisdictional defects, and no rulings were preserved for appeal. *State v. Crosby*, 338 So.2d 584 (La.1976); *State v. Aguilar*, 14-714 (La.App. 5 Cir. 1/14/15), 167 So.3d 862. The sentence for manslaughter, moreover, was legal.

The State suggests that the sentence is not reviewable because it was imposed in conformity with the plea agreement. That argument is incorrect because Defendant entered an open-ended plea. *State v. Pickens*, 98-1443 (La.App. 3 Cir. 4/28/99), 741 So.2d 696, *writ denied*, 99-1577 (La. 11/5/99), 751 So.2d 232, and 01-2178 (La. 4/19/02), 813 So.2d 1081. Nevertheless, an argument for excessive sentence on this conviction is unnecessary considering that Defendant was subject

3

to a mandatory life sentence prior to the entry of his plea. La.R.S. 14:30; La.R.S. 14:31; *cf. State v. Massingill*, 21-220 (La.App. 3 Cir. 12/8/21) (unpublished opinion).

As to the claims raised in the Motion to Reconsider Sentence:

> Generally, a claim of ineffective assistance of counsel is appropriate for post-conviction review, not appeal. *State v. Bright*, 98-398 (La. 4/11/00); 776 So.2d 1134. If relegated to post-conviction proceedings, the trial court is in a position to conduct a full evidentiary hearing. *State v. Guillory*, 00-386 (La.App. 3 Cir. 11/2/00); 773 So.2d 794. This type of claim may be reviewed on appeal, however, if the evidence necessary to decide the issue is present in the record. *Id.*

*State v. Antoine*, 01-1036, p. 7 (La.App. 3 Cir. 12/26/01), 804 So.2d 869, 875.

In the case before us, there is no evidence in the record to support a claim of ineffective assistance of counsel. That claim is therefore not reviewable in this appeal.

In sum, we have found no issues which would support an assignment of error on appeal.

## DISPOSITION

For the above reasons, Defendant's conviction and sentence are affirmed, and the motion to withdraw filed by Defendant's appeal counsel is granted.

**CONVICTION AND SENTENCE AFFIRMED;**
**MOTION TO WITHDRAW GRANTED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.