899 So.2d 744 (2005)
STATE of Louisiana, Appellee
v.
Richard HINES, Appellant.
No. 39,613-KA.
Court of Appeal of Louisiana, Second Circuit.
April 6, 2005.
*745 Louisiana Appellate Project by Carey J. Ellis III, for Appellant.
Walter Edward May, Jr., District Attorney, Douglas Leon Stokes, Jr., Assistant District Attorney, for Appellee.
Before STEWART, DREW and MOORE, JJ.
DREW, J.
A jury found defendant guilty as charged of distribution of cocaine, a violation of La. R.S. 40:967 punishable by imprisonment for not less than two years nor more than thirty years, to be served without benefits for the first two years. The court imposed a sentence of fifteen years, with the first two years to be served without benefits, and denied a timely motion for reconsideration of sentence. On appeal, defendant argues the excessiveness of this sentence. We affirm.
As recorded by wire and video tape, on September 18, 2003, Richard Hines sold cocaine at his Jackson Parish residence for $50 to an individual who was cooperating with authorities. The crime lab confirmed the illegal nature of the substance.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. *746 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). Here, the defendant does not challenge the trial court's articulation of reasons for the sentence imposed.
Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
Defendant complains that his being 58 years of age should have weighed more with the court, as a mitigating factor. A counterargument could just as easily be made that a man his age should know better than to traffic in illegal substances.
Defendant also urges that the court should have given more weight to the alleged mitigating circumstances of the fact that there was no violence involved and no injuries to any third parties. There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,111 (La.App.2d Cir.3/1/00), 754 So.2d 392, writ denied, XXXX-XXXX (La.2/2/01), 783 So.2d 385; State v. Callahan, 29,351 (La.App.2d Cir.2/26/97), 690 So.2d 864, writ denied, 97-0705 (La.9/26/97), 701 So.2d 979. Thus, this claim is without merit.
A trial court has broad discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, we may not set aside a sentence as excessive. State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158; State v. June, 38,440 (La. App.2d Cir.5/12/04), 873 So.2d 939.
Prior to imposing sentence, the court considered a PSI report and the facts of the case. The court detailed the defendant's lengthy adult criminal record, which included these convictions:
 in 1977 in Whittier, California, for possession of CDS;
 in 1981 in Los Angeles for trafficking in a dangerous weapon;
 in 1986 in Los Angeles for felony possession of CDS;
 in 1987 in Pasadena for felony possession of CDS; and
 in 1989 in Pasadena for felony sale of CDS.
Past records of drug offenses weigh heavily in the decision to uphold the imposition of even maximum sentences. See State v. Jones, supra.
Additionally, defendant's record contained an additional six arrests on drug-related charges which were not prosecuted. The court noted defendant's lack of remorse and his continued claim of innocence based on an assertion that he gave sleeping pills to the cooperating individual.
The court engaged in a thorough analysis of the sentencing considerations listed in La. C. Cr. P. art. 894.1. The court found there was no excuse or justification for defendant's conduct and that he was in need of correctional treatment. The court also ruled that, due to defendant's fourth felony offender status, a lesser sentence would deprecate the seriousness of the offense.
On this record, we do not find constitutional error. Defendant is a fourth felony offender with numerous prior arrests and convictions for drug-related offenses. He *747 was extended great leniency by the state through its decision not to charge him as an habitual offender. The sentence imposed is lawful, and is only one-half of what the trial court could have imposed. Considering defendant's history, the sentence imposed is neither grossly disproportionate to the severity of the offense of conviction nor is it shocking to our sense of justice. There is no showing of an abuse of the district court's discretion in the imposition of this sentence, which is supported by the record and which is not constitutionally excessive.
Defendant complains that the trial court did not mention credit for time served. The 1997 amendment to La. C. Cr. P. art. 880 is designed to make credit for prior custody self-operating even on a silent record. Thus, there was no need for the sentencing court to reference credit for time served. State v. Ignot, 29,745 (La. App.2d Cir.8/24/97), 701 So.2d 1001, writ denied, 99-0336 (La.6/18/99), 745 So.2d 618. The assigned error lacks merit.
The conviction and sentence are AFFIRMED.