953 So.2d 954 (2007)
STATE of Louisiana, Appellee
v.
Abe WILLIAMS, Appellant.
No. 41,816-KA.
Court of Appeal of Louisiana, Second Circuit.
February 28, 2007.
*955 Louisiana Appellate Project, by Mary C. Hanes, Clark G. Garret, for Appellant.
Paul J. Carmouche, District Attorney, Tommy J. Johnson, Brady D. O'Callaghan, Assistant District Attorney, for Appellee.
Before WILLIAMS, DREW and LOLLEY, JJ.
LOLLEY, J.
This appeal arises from the First Judicial District Court, Caddo Parish, Louisiana. Abe Williams was charged by bill of *956 information with one count of possession of a firearm by a convicted felon, a violation of La. R.S. 14:95.1. After a trial by jury, Williams was found guilty as charged. The trial court sentenced him to serve fifteen years' imprisonment at hard labor without benefit of probation, parole or suspension of sentence. Williams now appeals, urging only that his sentence is excessive. For the following reasons, we affirm.

FACTS
On April 15, 2005, Williams was driving in Shreveport, Louisiana when a Shreveport police officer stopped him for not wearing a seatbelt. During the encounter, the officer asked Williams to step out of his car. When the officer performed a pat-down search of Williams, the officer found a loaded Hi-Point .380 caliber handgun in Williams' pants. After being advised of his rights, Williams volunteered that he had just been released on parole for a manslaughter charge. Williams was charged with possession of a firearm by a convicted felon. After a jury trial, he was convicted as charged.
Williams' prior conviction was for manslaughter. On June 21, 1999, Williams pled guilty in the First Judicial District Court to one count of manslaughter in exchange for the reduction of the charge from second-degree murder. He was sentenced in November 1999 to serve seven years' imprisonment at hard labor. In deciding the appropriate sentence for Williams on his felon-in-possession conviction, the trial judge recited the facts of the manslaughter offense.[1] At sentencing, the trial court noted that Williams left school in the ninth grade, was not married and claimed to have four children. Based upon Williams' prior conviction and his possession of a weapon so soon after his release on parole, the trial court determined that Williams was a dangerous person who needed to be incarcerated for a lengthy period of time. The trial court, having reviewed the pre-sentence investigation, found no mitigating circumstances.
Williams was sentenced to serve fifteen years' imprisonment at hard labor, without benefits and ordered to serve the sentence consecutively to any other sentence he may have to serve. The trial court also imposed a $1,000 fine upon Williams to be paid through inmate banking. Williams filed a motion to reconsider the sentence, urging that the sentence was excessive and that the trial judge failed to consider relevant mitigating circumstances. The trial court denied that motion, and Williams now appeals.

DISCUSSION
On appeal, Williams raises only one assignment of error, arguing that the fifteen-year sentence for possession of a firearm by a convicted felon is excessive under the circumstances of the case. We disagree.
Louisiana R.S. 14:95.1 B provides:
Whoever is found guilty of violating the provisions of this Section shall be imprisoned at hard labor for not less than ten nor more than fifteen years without the benefit of probation, parole, or suspension of sentence and be fined not less than one thousand dollars nor more than five thousand dollars.
*957 The trial court opted to impose the maximum sentence of imprisonment and the minimum fine upon Williams.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Hines, 39,613 (La.App. 2d Cir.04/06/05), 899 So.2d 744. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982).
Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Hines, supra. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Hines, supra.
Here, even though the trial court failed to precisely articulate reasons for the sentence, its decision that Williams is a dangerous person is clearly supported by the record and supports the imposition of the maximum sentence of imprisonment in the narrow sentencing range outlined by the legislature. The record reflects that the trial court considered the pre-sentence investigation report and found no mitigating factors existed. After reviewing the pre-sentence investigation, we find no manifest error in the trial court's conclusion that there were no mitigating factors in this case.
Further, a factual basis for the imposed sentence clearly exists. Williams committed the crime of possession of a firearm by a convicted felon. Notably, the underlying felony conviction by Williams was manslaughter, which he committed by using a firearm to kill a man during an argument simply over loud music. He received a substantial benefit as a result of his plea bargain, reducing a second-degree murder charge to manslaughter and obtaining a seven-year sentence instead of a potential life sentence. Only four months after being released early on his seven-year sentence, Williams had again armed himself with a firearm in violation of the law and in violation of the terms of his parole.
A trial court has broad discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, we may not set aside a sentence as excessive. State v. Guzman, XXXX-XXXX, XXXX-XXXX (La.05/16/00), 769 So.2d 1158; State v. June, 38,440 (La.App.2d Cir.05/12/04), 873 So.2d 939. Here, the maximum sentence imposed for this defendant was within the trial court's broad discretion. We conclude that Williams' assignment of error is without merit, and accordingly, his conviction and sentence are hereby affirmed.
AFFIRMED.
NOTES
[1] Williams had gotten into an argument with Gary Sams about the volume of Williams' car stereo. Williams, who was eighteen years old at that time, then got into a fistfight with Sams. When Sams punched Williams in the face, Williams produced a revolver and shot Sams either four or five times, killing Sams. Williams was paroled in December 2004 in the manslaughter case. Only four months later, he was arrested for possession of a handgun, the instant crime.