822 So.2d 812 (2002)
STATE of Louisiana
v.
Michael FAIRLEY.
No. 02-KA-168.
Court of Appeal of Louisiana, Fifth Circuit.
June 26, 2002.
*813 Paul D. Connick, Jr., District Attorney, Terry Boudreaux, Alan D. Alario, Nancy Miller, Assistant District Attorneys, Gretna, LA, for Plaintiff/Appellee.
Holli Herrle-Castillo, Marrero, LA, for Defendant/Appellant.
Panel composed of Judges THOMAS F. DALEY, MARION F. EDWARDS, and SUSAN M. CHEHARDY.
THOMAS F. DALEY, Judge.
The Jefferson Parish District Attorney filed a Bill of Information charging the defendant, Michael Fairley, with possession of cocaine, a violation of LSA-R.S. 40:967(C). In separate Bills of Information, the defendant was charged with possession with intent to distribute cocaine and battery of a police officer.[1] Defendant initially pled not guilty, but after the trial court denied his Motions to Suppress Evidence and to Quash the Bill of Information, defendant withdrew the pleas of not guilty and pled guilty as charged, reserving his right to appeal the denial of his motions pursuant to State v. Crosby, 338 So.2d 584 (La.1976).
After accepting the defendant's guilty plea, the trial judge sentenced the defendant *814 to five years of imprisonment at hard labor. At the same time, the trial judge sentenced the defendant to 20 years of imprisonment at hard labor for possession with intent to distribute cocaine and to six months in the parish prison for simple battery of a police officer. All three of the sentences were ordered to run concurrently.
Also on the same day, the State filed a multiple offender Bill of Information alleging defendant to be a second felony offender. After being advised of his multiple offender rights, the defendant stipulated to the allegations therein. The trial judge vacated the 20-year sentence for possession with intent to distribute cocaine, and imposed a multiple offender sentence of 20 years of imprisonment at hard labor to be served concurrently with the previously imposed sentences. The trial court granted the defendant's Application for Post-Conviction Relief in which he sought reinstatement of his appeal rights.[2]
On appeal, Fairley argues the following Assignments of Error:
1. The five year sentence imposed for possession of cocaine is excessive.
2. Counsel was ineffective in failing to file a motion to reconsider the sentence and/or to object during sentencing.
3. Appellant requests, pursuant to La. C.Cr.P. art. 920, a review of the record for errors patent: Any error discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.

FACTS
Because the conviction resulted from a guilty plea, this factual statement is based on the Bill of Information and the note of evidence recited by the assistant district attorney at the guilty plea proceeding. The Bill of Information alleges that defendant knowingly and intentionally possessed cocaine on December 28, 1998 in Jefferson Parish. According to the note of evidence, the type of cocaine possessed by defendant was crack.

ASSIGNMENT OF ERROR NUMBER ONE
Defendant contends that his five-year sentence at hard labor is constitutionally excessive.
Defendant acknowledges that his attorney failed to file a Motion to Reconsider Sentence, so as to preserve a claim of excessiveness for appeal.[3] This Court, however, has reviewed a defendant's constitutional challenge of a sentence even in the absence of a Motion to Reconsider Sentence.[4] The failure to file a Motion to Reconsider Sentence, or to state specific grounds upon which the motion is based, merely limits a defendant to a bare review of the sentence for constitutional excessiveness. Id.
The Eighth Amendment of the United States Constitution and Article I, Section 20 of the Louisiana Constitution prohibit the imposition of excessive or cruel punishment. A sentence is generally considered to be excessive if it is grossly disproportionate to the offense or imposes *815 needless pain and suffering. A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice.[5]
The penalty for possession of cocaine is imprisonment, with or without hard labor, for not more than five years. A fine of not more than five thousand dollars may also be imposed. LSA-R.S. 40:967(C)(2). Defendant received the maximum term of imprisonment in this case, and his chief complaint in this assignment is that the trial judge had no basis for imposing this sentence.
The Louisiana Supreme Court has stated that the question presented when reviewing a defendant's sentence is not "whether another sentence would have been more appropriate but whether the trial court abused its broad sentencing discretion."[6] Prior criminal activity is one of the factors to be considered by the trial judge in sentencing a defendant.[7]
There is ample evidence of defendant's prior criminal activity. The multiple offender Bill of Information filed in the companion case indicates that defendant was convicted of armed robbery in 1984. The armed robbery is the predicate felony relied upon by the State to enhance the defendant's underlying conviction in the companion case. According to the multiple offender bill in the companion case, as well as the note of evidence recited by the assistant district attorney in the instant case, the defendant received a ten-year sentence at hard labor for the armed robbery. Assuming defendant served his entire sentence, he would have been released in 1994, and only four years later, committed possession with intent to distribute cocaine and battery upon a police officer on June 6, 1998. A few months later, the defendant committed the instant offense of possession of cocaine on December 28, 1998. The defendant was 42 years old at sentencing. We find that the defendant's criminal history indicates a lack of respect for the law, since defendant continued to commit crimes even after serving time in prison for armed robbery.
The sentence is in line with similarly situated defendants. In State v. Hill, 33-322 (La.App. 2 Cir. 4/5/00), 756 So.2d 1254, 1255, the court held that the maximum term of five years at hard labor was not excessive for a 31-year-old defendant with two prior drug convictions. In State v. McCorkle, 708 So.2d at 1219, this Court held that the defendant's sentence of five years at hard labor for possession of cocaine was not constitutionally excessive. The McCorkle court pointed out that the defendant had not received the maximum sentence that could have been imposed, since the trial judge could have ordered the defendant to pay a fine as well. This Court also observed that the defendant had a criminal history, which was indicated by the arrest report and probable cause affidavit containing the phrase, "Career criminal, Intercept Unit, Code-6." Id.
The trial judge has broad discretion, and a reviewing court may not set sentences aside absent a manifest abuse of discretion.[8] Defendant did not receive the maximum sentence, since the trial judge did not impose a fine. Under all of the circumstances in this case, particularly defendant's *816 criminal history, we find that the trial judge did not abuse his sentencing discretion.

ASSIGNMENT OF ERROR NUMBER TWO
Counsel was ineffective in failing to file a Motion to Reconsider the Sentence and/or to object during sentencing.
By this assignment, the defendant acknowledges that his attorney failed to make an oral or to file a written Motion to Reconsider Sentence under LSA-C.Cr.P. art. 881.1. In the event this Court declines to review the foregoing assignment for this reason, the defendant contends that he received ineffective assistance of counsel.
A claim of ineffective assistance of counsel is most appropriately addressed through an Application for Post-Conviction Relief rather than direct appeal, so as to afford the parties an adequate record for review.[9] Only when the record contains sufficient evidence to decide the issue and the issue is properly raised by Assignment of Error on appeal, may it be addressed in the interest of judicial economy.[10] In the present case, the record appears adequate to address defendant's claim in this regard.
A defendant is entitled to effective assistance of counsel under the Sixth Amendment to the United States Constitution and Article I, Section 13 of the Louisiana Constitution of 1974. When a defendant raises a claim of ineffective assistance of counsel, that claim is evaluated under the two-prong test established by Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The defendant must show (1) that defense counsel's performance was deficient, and (2) that the deficiency prejudiced the defendant. To show prejudice under this test, the defendant must demonstrate that the outcome of the trial would have been different, but for counsel's unprofessional conduct.[11]
This Court has recognized that the mere failure to file a Motion to Reconsider Sentence does not in and of itself constitute ineffective assistance of counsel.[12] However, if a defendant can "show a reasonable probability that, but for counsel's error, his sentence would have been different," a basis for ineffective assistance claim may be found. Id.
In addition to claiming that his sentence is excessive, defendant also complains that the trial judge failed to state reasons for sentencing the defendant as required by LSA-C.Cr.P. art. 894.1. However, "[d]efendant is not entitled to a review of his argument concerning the trial court's non-compliance with Article 894.1, which falls under the category of statutory excessiveness."[13] Because the defendant contends that his trial attorney was ineffective by failing to properly preserve this claim for review under LSA-C.Cr.P. art. 881.1, defendant's complaint in this regard is addressed here.
Louisiana Code of Criminal Procedure Article 894.1(C) requires the trial judge to state for the record the considerations *817 taken into account and the factual basis when imposing sentence.[14] But, when there is an adequate factual basis for the sentence contained in the record, the trial court's failure to articulate every circumstance listed in LSA-C.Cr.P. art. 894.1 does not require a remand for re-sentencing.[15]
In the present case, the trial judge did not articulate reasons for sentencing. But, it appears that the record contains a factual basis for the sentence imposed. First, the defendant pled guilty to two other offenses immediately before sentence was imposed for possession of cocaine. And, the record reflects that defendant had a prior conviction for armed robbery, which was revealed at sentencing. Thus, the record supports the sentence imposed by the trial court.
Based on the foregoing, defendant has not demonstrated he received ineffective assistance of counsel. Consistent with this Court's prior decisions, the defendant's excessiveness claim has been addressed even in the absence of a Motion for Reconsideration. Most importantly, the defendant has not shown a reasonable probability that, but for his attorney's failure to file or move for reconsideration of his sentence, his sentence would have been different. Accordingly, this Assignment of Error has no merit.

ASSIGNMENT OF ERROR NUMBER THREE (Error Patent)
Defendant requests a review for patent errors. As is customarily done, the record was reviewed for errors patent, according to LSA C.Cr.P. art. 920, State v. Oliveaux, 312 So.2d 337 (La.1975), and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990).
Although the commitment indicates that the defendant was advised that he had two years from the date his sentence and conviction become final within which to file Post Conviction Relief, the transcript reflects that the judge failed to indicate when the period began to run.[16] Generally, when there is a discrepancy between the minutes and the transcript, the transcript prevails.[17]
When the district court fails to completely inform a defendant of the prescriptive period for filing Post-Conviction Relief, this Court has remanded the matter for the district court to inform the defendant of the provisions of LSA-C.Cr.P. art. 930.8 by sending appropriate written notice to the defendant within ten days of the rendition of this Court's opinion and to file written proof that defendant received the notice in the record.[18] Accordingly, we remand the matter for the trial court to send written notice to defendant of these provisions.
Accordingly, the defendant's conviction and sentence are affirmed. The case is remanded with instructions to the trial court to send written notice to defendant of the provisions of LSA-C.Cr.P. art. 930.8.
*818 AFFIRMED; REMANDED WITH INSTRUCTIONS.
NOTES
[1] State v. Michael Fairley, 02-170 (La.App. 5 Cir. 6/26/02), 822 So.2d 818, the case in which defendant was charged with possession with intent to distribute cocaine, is a companion to the instant appeal.
[2] Defendant's Application for Post-Conviction Relief is not in this record, but is contained in the record of the companion case, 822 So.2d at 819.
[3] In the next assignment, defendant raises the issue of ineffective assistance of counsel for this reason.
[4] State v. Pendelton, 00-1211 (La.App. 5 Cir. 3/14/01), 783 So.2d 459, 465, writ denied, 01-1242 (La.1/25/02), 807 So.2d 243.
[5] State v. Lobato, 603 So.2d 739, 751 (La. 1992); State v. Pendelton, 783 So.2d at 465.
[6] State v. Jones, 99-2207 (La.1/29/01), 778 So.2d 1131, 1133.
[7] State v. Washington, 414 So.2d 313, 315 (La.1982); State v. McCorkle, 97-966 (La.App. 5 Cir. 2/25/98), 708 So.2d 1212, 1219.
[8] State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158, 1167.
[9] State v. Truitt, 500 So.2d 355, 359 (La. 1987); State v. McIntyre, 97-876 (La.App. 5 Cir. 1/27/98), 708 So.2d 1071, 1075, writ denied, 98-1032 (La.9/18/98), 724 So.2d 753.
[10] State v. Peart, 621 So.2d 780, 787 (La. 1993).
[11] Strickland v. Washington, 466 U.S. at 687, 104 S.Ct at 2064.
[12] State v. Pendelton, 96-367 (La.App. 5 Cir. 5/28/97), 696 So.2d 144, 159, writ denied, 97-1714 (La.12/19/97), 706 So.2d 450.
[13] State v. Balser, 01-317 (La.App. 5 Cir. 7/30/01), 792 So.2d 156, 158.
[14] State v. Sanders, 98-855 (La.App. 5 Cir. 5/19/99), 734 So.2d 1276, 1279, writ denied, 99-1980 (La.1/7/00), 752 So.2d 175.
[15] State v. Ulmer, 99-1079 (La.App. 5 Cir. 1/25/00), 751 So.2d 1017, 1019; State v. Morris, 98-236 (La.App. 5 Cir. 9/16/98), 719 So.2d 1076, 1082.
[16] It is also noted that the Waiver of Rights form indicates that there is a two-year period to file Post-Conviction Relief, but it likewise fails to state when the period commences.
[17] State v. Lynch, 441 So.2d 732, 734 (La. 1983); State v. Haynes, 96-84 (La.App. 5 Cir. 6/25/96), 676 So.2d 1120, 1123.
[18] State v. Badeaux, 01-406 (La.App. 5 Cir. 9/25/01), 798 So.2d 234, 241.