917 So.2d 1226 (2005)
STATE of Louisiana, Appellee,
v.
Terrance Wayne LUKE, Appellant.
No. 40,504-KA.
Court of Appeal of Louisiana, Second Circuit.
December 21, 2005.
*1228 Louisiana Appellate Project by Peggy J. Sullivan, Monroe, for Appellant.
Terry R. Reeves, District Attorney, James E. Lewis, Assistant District Attorney, for Appellee.
Before STEWART, PEATROSS and DREW, JJ.
DREW, J.
A Winn Parish jury convicted Terrance Wayne Luke of possession of a firearm by a convicted felon, contrary to La. R.S. 14:95.1. Luke was originally adjudicated as a second felony offender under La. R.S. 15:529.1 and sentenced to 25 years at hard labor without benefit of probation or suspension of sentence. In an unpublished opinion,[1] we reversed the adjudication and remanded for re-sentencing, finding that further enhancement was not appropriate because the previous conviction of a felony is an essential predicate required for prosecution for this crime. La. R.S. 14:95.1.
Upon re-sentencing, the trial court imposed the maximum sentence of 15 years at hard labor, without benefit of probation, parole, or suspension of sentence. The defendant appeals, urging that the current sentence is still excessive. We find that the sentence is severe, but not constitutionally excessive.
On May 31, 2001, the defendant, apparently an escapee from Jackson Parish, emerged from the woods while carrying a sawed-off shotgun. He approached Jack Ross, who was on his back porch. Luke requested water and something to eat, remaining on the porch for an hour talking to Mr. and Mrs. Ross. After realizing that she had seen the defendant on television, Mrs. Ross went to a neighbor's house and called the police. When the police arrived, the defendant grabbed the gun and fled back into the woods.
In reviewing claims of excessive sentence, an appellate court uses a two-step process. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not a rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982).
The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense, and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,111 (La.App.2d Cir.3/1/00), 754 So.2d 392, *1229 writ denied, XXXX-XXXX (La.2/2/01), 783 So.2d 385.
Second, whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, supra.
A review of the record reveals adequate compliance with La. C. Cr. P. art. 894.1. Prior to imposing sentence, the trial court noted that Luke had been previously convicted of aggravated battery and manslaughter.
The court made these justified findings at sentencing:
 that Luke is and will continue to be a danger to society;
 that there was an undue risk that Luke would commit another crime;
 that Luke's conduct posed a great threat of violence;
 that Luke is in need of correctional treatment;
 that any lesser sentence would deprecate the seriousness of the conduct; and
 that there was no justification for Luke's actions.
The trial court imposed a sentence of 15 years at hard labor without benefit of probation, parole, or suspension of sentence. Considering the totality of the record, this sentence is not constitutionally excessive.[2] With Luke's criminal record, we find that the sentence imposed is not grossly disproportionate to the severity of the offense, nor is it shocking to our sense of justice.

DECREE
The conviction and sentence are AFFIRMED.
NOTES
[1] State v. Luke, 39,285 (La.App.2d Cir.12/22/04), 888 So.2d 1165.
[2] We note sua sponte that this sentence is illegally lenient, as no fine was imposed, even though a fine of from $1,000 to $5,000 is required by La. R.S. 14:95.1. We decline to remand on this point, as this would be meaningless for two reasons: First, the defendant has already received the maximum prison sentence, so no additional default imprisonment is allowable; and second, the defendant was and is at all times pertinent hereto, represented by appointed counsel, meaning that he is presumed indigent. Since realistically the state will never see a dime, it is not worth the time, expense, and danger to writ him back for re-sentencing. We'll just leave things as they are.