923 So.2d 947 (2006)
STATE of Louisiana, Appellee,
v.
David R. TRAYLOR, Appellant.
No. 40,627-KA.
Court of Appeal of Louisiana, Second Circuit.
March 8, 2006.
*948 Louisiana Appellate Project by W. Jarred Franklin, for Appellant.
J. Schuyler Marvin, District Attorney, Randall Smith, John M. Lawrence, Assistant District Attorneys, for Appellee.
Before WILLIAMS, CARAWAY and MOORE, JJ.
MOORE, J.
David R. Traylor was charged by bill of information with possession of marijuana with the intent to distribute, La. R.S. 40:966 A. Pursuant to a plea agreement, he pled guilty as charged and the state declined to charge him as a multiple offender. The court ultimately sentenced him to 15 years at hard labor, which Traylor now contests as excessive. We affirm.
In February 2003, Haughton Police received information that Traylor had marijuana at his trailer on North Foster Drive; they obtained a search warrant and executed it on February 28. In the trailer they found the 45-year-old Traylor, an adult named Barnett, and a juvenile. The officers found a small packet of marijuana on Barnett; Traylor then showed them a larger bag, containing some 161.5 grams (roughly 5.7 ounces) of marijuana, in his bedroom. Traylor told officers that he had given the marijuana to Barnett, not sold it. Officers also found drug paraphernalia throughout the home. Barnett was charged with possession of marijuana; as noted, Traylor was charged with possession of marijuana with the intent to distribute.
Traylor pled guilty as charged in exchange for the state's promise not to charge him as a multiple offender. At a sentencing hearing in August 2004, the court sentenced him to 20 years at hard labor, consecutive to any other sentence.
*949 Traylor filed a motion to reconsider, urging that he was infected with Hepatitis C, with the result that a 20-year sentence was tantamount to life. He also argued his sentence should have included drug rehabilitation.
At the reconsideration hearing in May 2005, the district court reviewed the drug treatment and counseling records of the 26th JDC Drug Court, submitted to the district court by Traylor.[1] The court then resentenced Traylor to 15 years at hard labor.
Traylor has appealed, urging two related assignments of error: the court failed to give due consideration to the particulars of the case and defendant's personal history, and 15 years at hard labor is cruel and unusual punishment. Specifically, he claims the court overlooked several mitigating factors: he was found with "a very small quantity of marijuana," only about five ounces; he has been steadily employed at the same job for over six years; he provides support for his minor child; he owns and maintains his trailer; no one was harmed by his conduct; he cooperated in the search of his residence; and he exhibited a high level of remorse for his actions, asking the court for help for his drug addiction. He submits that the court placed undue emphasis on his fourth felony status and other criminal history.
The state urges that Traylor has a "significant history of criminal activity dating to 1978" and received a great benefit in the plea bargain. It submits that the midrange sentence of 15 years was fully within the court's discretion.
Excessive sentence claims are subject to a two-step analysis. First, the record must show that the court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The goal of Art. 894.1 is the articulation of a factual basis for sentence, not a mechanical recitation of factors. When the record clearly shows an adequate factual basis for sentence, remand is unnecessary even in the absence of full compliance with Art. 894.1. State v. Lobato, 603 So.2d 739, 751 (La.1992).
We find adequate compliance with Art. 894.1. At the initial sentencing hearing in August 2004, the court cited Traylor's nine-year employment with Benson Construction, his high school education and his claim to have supported his 18-year-old daughter. The court was much more impressed, however, with his criminal record, including a juvenile record and adult convictions for burglary in 1978, uttering forged papers in Tennessee in 1985, possession of Schedule II CDS in 1992, and possession of marijuana in both 1994 and 2000. The court also mentioned traffic offenses and other misdemeanors; Traylor was on probation for DWI at the time of the instant arrest. Of four prior terms of probation, Traylor had successfully completed only the first, in 1978; the court found that previous admissions to treatment centers, as conditions of probation, had been unsuccessful. On this record, we cannot find that the district court overstated the aggravating factors or deprecated any mitigating ones.
We concede that at the reconsideration hearing, the court gave little explanation for the amended sentence of 15 years, citing only the "very articulate argument" of counsel.[2] However, the argument occurred off the record and was not transcribed, *950 and the Drug Court documents were not filed into evidence. In short, nothing in the record persuades us that the court failed to consider or improperly applied the guidelines of Art. 894.1.
The second step is review for constitutional excessiveness. A sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985). A reduction in sentencing exposure through plea bargaining is a valid consideration in sentencing if the lesser offense does not adequately describe the defendant's conduct. State v. Lanclos, 419 So.2d 475 (La.1982).
Traylor's criminal history shows, unfortunately, that prior drug treatment efforts while on probation have not been successful. He was still engaged in distribution when he was arrested for this offense. We are cognizant of Traylor's Hepatitis C but find that the district court gave this adequate consideration in reducing the original sentence. If his health problems were not severe enough to deter his criminal activity, they are not severe enough to reduce his sentence further. See, State v. Graham, 35,184 (La.App. 2 Cir. 10/31/01), 799 So.2d 645, writ denied, XXXX-XXXX (La.11/8/02), 828 So.2d 1114. Finally, by virtue of the plea bargain, Traylor avoided being charged as a fourth felony offender and a mandatory life in prison without benefits. La. R.S. 15:529.1 A(1)(c)(ii). He pled to an offense carrying a sentencing range of 5 to 30 years at hard labor and a fine of $50,000. La. R.S. 40:966 B(3). The midrange sentence of 15 years is not disproportionate to the offense and offender and does not shock our sense of justice.
We have reviewed the entire record and find nothing we consider to be error patent. La. C. Cr. P. art. 920(2).
The conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] These reports were not offered into evidence and are not part of the appellate record.
[2] The initial sentencing hearing was held before Judge Cecil Campbell; the reconsideration hearing was held before Judge Campbell's successor in office, Judge Jeff Cox; the hard labor judgment was signed by Judge Ford Stinson, Jr.