985 So.2d 246 (2008)
STATE of Louisiana
v.
Peter J. JACKSON.
No. 07-KA-975.
Court of Appeal of Louisiana, Fifth Circuit.
April 15, 2008.
*248 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Thomas J. Butler, Shannon K. Swain, Assistant District Attorneys, Twenty-Fourth Judicial District, Parish of Jefferson, Gretna, LA, for Plaintiff/Appellee, The State of Louisiana.
Holli A. Herrle-Castillo, Attorney at Law, Louisiana Appellate Project, Marrero, LA, for Defendant/Appellant, Peter J. Jackson.
Panel composed of Judges THOMAS F. DALEY, SUSAN M. CHEHARDY, and WALTER J. ROTHSCHILD.
SUSAN M. CHEHARDY, Judge.
Peter J. Jackson appeals the sentences imposed pursuant to his guilty pleas to four charges and the subsequent enhancement of one sentence following the determination that Jackson is a second-felony offender. We amend, affirm, and remand.
On January 10, 2007, Peter J. Jackson was charged by bill of information on four counts: Count 1, violation of La.R.S. 14:95.1, possession of a firearm by a felon convicted of manslaughter; Count 2, violation of La.R.S. 40:966(A), possession with intent to distribute marijuana; Count 3, violation of La.R.S. 40:967(A), possession with intent to distribute cocaine; and Count 4, violation of La.R.S. 40:967(C), possession of cocaine.
On January 24, 2007, the defendant entered pleas of not guilty to all charges. The defendant's motion for a preliminary hearing, motion to suppress evidence, and motion to suppress a statement were denied on June 11, 2007.
On August 8, 2007, after being advised of his rights and waiving the rights, the defendant withdrew his pleas of not guilty and entered guilty pleas to all four charges. On the same date, the court imposed the following sentences: Count 1, fifteen years' imprisonment at hard labor without benefit of parole, probation or suspension of sentence, to run concurrently, and a fine of $1,000.00, with the fine suspended; Count 2, 18 years' imprisonment at hard labor, concurrently; Count 3, 18 years' imprisonment at hard labor, concurrently, the first two years without benefit of probation, parole or suspension of sentence; Count 4, five years' imprisonment at hard labor, concurrently.
The State then amended the bill of information to reflect that the prior case number for the predicate in Count 1 was 84-2704 instead of 94-2704 (emphasis added). In response to questioning by the court, the defendant indicated he agreed that the change in the case number of the predicate conviction did not change his plea.
Also on August 8, 2007, the State filed a habitual offender bill of information, alleging the defendant was a second felony offender. The defendant was advised of his rights, waived these rights, and stipulated to the habitual offender bill. His original sentence as to Count 3 was vacated, and he was sentenced as a second felony offender to 18 years' imprisonment at hard labor, without benefit of probation or suspension of sentence. The court ordered that the sentence be "without the benefit of good time" and that it run concurrent with the sentences in counts one, two and four.
The defendant filed a pro se motion for appeal on August 20, 2007, which was granted on August 22, 2007.
*249 FACTS[1]
Detective Gregory Smith of the Kenner Police Department testified that on the night of November 28, 2006, he conducted a traffic stop of a vehicle driven by Peter J. Jackson in the 1200 block of Danville Street in Kenner. According to Smith, when the defendant hit the brakes on his vehicle, the rear tail lights would go out, then would come on again when he took his foot off.[2]
Detective Smith stopped the vehicle and approached the driver's side window, which was open. There was one occupant, the defendant. Smith smelled the odor of burnt marijuana coming from the vehicle and commented that he smelled "weed." According to Smith, the defendant said he had just smoked weed and did not have anything on him, but had thrown it out the window.
Detective Smith conducted a history check by radio, from which he learned the defendant had a previous conviction for manslaughter. When Smith returned to the vehicle, he observed the defendant bent over, with his hands at the bottom of his seat, trying to shove something under the seat. Smith was able to see into the vehicle through the driver's side window and observed the handle of a gun sticking out of a black bag on the floorboard by the seat. Detective Smith ordered the defendant to exit the vehicle and placed him in handcuffs. He arrested the defendant for possession of a firearm by a convicted felon.
When Detective Smith removed the weapon from the open black bag, he observed three clear plastic bags with white powder in them and a clear plastic bag with green vegetable matter in it. He conducted a chemical field test, in which the white powder tested positive for cocaine and the other matter tested positive for marijuana. The cocaine weighed 20 grams. The marijuana was in a single plastic bag and amounted to 10.5 grams.[3] Detective Smith said there was $900.00 in cash in the bag.
Officer Calvin Prevou transported the defendant to the lockup in Kenner, where Officer Prevou conducted a search of the defendant. He retrieved a clear plastic bag containing white powder and a small straw in the defendant's upper left pocket. The white powder tested positive for cocaine. Officer Prevou said he retrieved approximately $900.00 from the defendant's person.
Detective Chad Peterson testified he advised the defendant of his rights and the defendant signed the waiver of rights form.
Detective Peterson's partner, Detective David Barrett, testified that after Detective Peterson advised the defendant of his rights, the defendant made a statement at the jail. Detective Barrett asked the defendant if the cocaine was his and whether the large amount of currency was from cocaine sales. According to Detective Barrett, the defendant admitted that the cocaine *250 was his and that the money resulted from selling cocaine.
ASSIGNMENT OF ERROR NUMBER ONE
On appeal, the defendant asserts the trial court erred because his sentences were excessive and the court failed to articulate reasons for the sentences imposed.
The defendant claims that despite his guilty pleas, his sentences are subject to review because the trial court advised him during the colloquy that he had 30 days to appeal his sentences. He contends that the plea form itself reflects that he was allowed 30 days to appeal his sentences.
The State responds that this assignment of error is barred on appeal, because the defendant entered a guilty plea without objecting to his sentence or reserving his right to raise excessiveness, and because the sentences were imposed in accordance with the defendant's plea agreement. The State also maintains the trial court was not required to articulate reasons for the sentences imposed. The State argues that even if the defendant's assignment is not barred, the trial court did not abuse its discretion in imposing the sentences.
As related above, the defendant withdrew his not-guilty pleas and pleaded guilty to all four counts charged in the bill of information. After the defendant stipulated to the habitual offender bill, the sentence on Count 3 was vacated.
During the colloquy for the original pleas, the judge explained to the defendant that if he were to go to trial and be convicted, he would have the right to an appeal, but by entering a guilty plea he would be waiving those rights. The defendant replied, "Yes, sir." The judge further stated, "If you plead guilty, you do not have the right to assert any allegation of defects such as an illegal arrest, an illegal search and seizure, an illegal confession, an illegal lineup or any lack of sufficient evidence to convict you." The defendant responded that he understood. The trial judge then asked, "And do you further understand that you have 30 days to appeal your sentences?" The defendant responded, "Yes, sir." Thereafter, the defendant pleaded guilty.
During the colloquy for the habitual offender stipulation, the trial judge questioned, "And do you further understand that you have 30 days to appeal your sentences?" The defendant responded that he did. He then stipulated that he was a second felony offender.
The waiver-of-rights forms for both the original pleas and the habitual offender stipulation contain the following question: "Do you understand that you have thirty (30) days to appeal this sentence?"
As noted above, the plea and sentencing colloquies took place on August 8, 2007; the defendant's pro se motion for appeal was filed on August 20, 2007 and was granted by the trial court on August 22, 2007.
The defendant claims his sentences are subject to review, despite the guilty pleas, because the trial judge advised him during his colloquy that he had 30 days to appeal his sentences, and the plea forms reflect the same.
During the colloquies and by the waiver-of-rights forms, the defendant was advised of, and indicated he understood, the sentences he would receive if he pleaded guilty and stipulated to the habitual offender bill. The defendant received sentences imposed in conformity with his plea agreements, set forth in the record at the time of the pleas.
La.C.Cr.P. art. 881.2(A)(2) states, "The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth *251 in the record at the time of the plea." This applies to plea agreements involving specific sentences as well as to plea agreements involving sentencing caps. State v. Young, 96-0195, p. 5 (La. 10/15/96), 680 So.2d 1171, 1174; State v. Green, 03-410, pp. 9-10 (La.App. 5 Cir. 10/28/03), 860 So.2d 237, 243, writ denied, 03-3228 (La.3/26/04), 871 So.2d 346.
This Court also has applied the provision to cases in which a defendant admits to the allegations in a habitual offender bill of information as part of a sentencing agreement. State v. Bolton, 02-1034, p. 7 (La. App. 5 Cir. 3/11/03), 844 So.2d 135, 142, writ denied, 03-1159 (La.11/14/03), 858 So.2d 417.
We find no jurisprudence from this Court that addresses similar circumstances to those in the present case, but other circuits have addressed the question.
In State v. Larrivere, 98-1399, pp. 4-5 (La.App. 3 Cir. 5/5/99), 733 So.2d 703, 706, the Third Circuit found that justice required review of the defendant's sentence after he signed a guilty plea form which reflected that he had five days to file a motion to appeal his sentence.
In State v. Foster, 42,212, p. 3 (La.App. 2 Cir. 8/15/07), 962 So.2d 1214, 1216, the defendant argued he should be allowed to appeal his sentence although he had entered a guilty plea with a sentencing cap and his sentence was imposed in conformity with the cap. He claimed his case was an exception to the rule that sentences imposed pursuant to caps set forth in plea agreements were not appealable, because during the plea colloquy the trial court informed him that by pleading guilty he was waiving his right to appeal "`except as to the amount of the sentence.'" Id. The Second Circuit considered the trial court's statement and concluded that the defendant did not contemplate that by pleading guilty he waived his right to appeal his sentence for excessiveness. Accordingly, the Second Circuit reviewed the defendant's sentence for excessiveness. Foster, 42,212 at p. 7, 962 So.2d at 1218.
We decline to follow this jurisprudence, however. The defendant is not entitled to appellate review of his sentences, which are in conformity with his plea agreements. Further, the defendant is not challenging his guilty plea. The appropriate way for the defendant to challenge the validity of his guilty pleas is by way of an application for post-conviction relief. See State v. Washington, 05-211, p. 5 (La.App. 5 Cir. 10/6/05), 916 So.2d 1171, 1174.
We find the defendant is precluded from raising this issue on appeal. We will review his sentences only for constitutional excessiveness. See State v. Hawkins, 06-739, p. 22 (La.App. 5 Cir. 9/25/07), 968 So.2d 1082, 1095.
In reviewing a sentence for excessiveness, the reviewing court shall consider the crime and the punishment in light of the harm to society and gauge whether the penalty is so disproportionate as to shock the court's sense of justice. Hawkins, 06-739 at 23, 968 So.2d at 1095. Further, according to La.C.Cr.P. art. 881.4(D), the appellate court shall not set aside a sentence for excessiveness if the record supports the sentence imposed.
The three factors that are considered in reviewing a trial court's sentencing discretion are the nature of the crime, the nature and background of the offender, and the sentence imposed for similar crimes by the same court and other courts. Hawkins, 06-739 at 23, 968 So.2d at 1096.
Count 1, Convicted Felon in Possession of a FirearmLa.R.S. 14:95.1
For Count 1, felon in possession of a firearm, the defendant faced a sentencing *252 range of 10 to 15 years at hard labor without the benefit of parole, probation, or suspension of sentence, and a fine between one thousand and five thousand dollars. La.R.S. 14:95.1(B). He was sentenced to 15 years imprisonment at hard labor without benefit of parole, probation or suspension of sentence.[4] The bill of information and the habitual offender bill of information indicate the defendant had a prior conviction for manslaughter. Similar sentences have been found to be not constitutionally excessive. See State v. Williams, 41,816, pp. 4-5 (La.App. 2 Cir. 2/28/07), 953 So.2d 954, 957; State v. Luke, 40,504 (La. App. 2 Cir. 12/21/05), 917 So.2d 1226, 1228-29, writ denied, 06-0821 (La.10/13/06), 939 So.2d 356; State v. Crawford, 03-1494, pp. 32-33 (La.App. 5 Cir. 4/27/04), 873 So.2d 768, 788, writ denied, 04-1744 (La.5/6/05), 901 So.2d 1083.
Count 2, Possession with Intent to Distribute MarijuanaLa.R.S. 40:966(A)
For Count 2, possession with intent to distribute marijuana, the defendant faced a sentencing range of 5 to 30 years at hard labor and a fine of not more than fifty thousand dollars. See La.R.S. 40:966(B)(3). He was sentenced to 18 years imprisonment at hard labor. In State v. Brown, 03-581, pp. 15-17 (La.App. 5 Cir. 11/12/03), 861 So.2d 644, 654-55, writs denied, 03-3407 (La.4/2/04), 869 So.2d 875 and 04-0049 (La.4/2/04), 869 So.2d 877, this Court upheld a 30-year sentence for possession with intent to distribute marijuana not unconstitutionally excessive, for a defendant in possession of a large amount of marijuana at the time of his arrest and who had a prior record of drug arrests, including conviction of another drug possession offense. In State v. Traylor, 40,627, pp. 3-5 (La.App. 2 Cir. 3/8/06), 923 So.2d 947, 949-50, the court found a 15-year sentence for possession of marijuana with intent to distribute not constitutionally excessive, where prior drug treatment efforts were unsuccessful, and the defendant had avoided being charged as a fourth felony offender by virtue of a plea bargain.
Count 3, Possession with Intent to Distribute CocaineLa.R.S. 40:967(A)
For Count 3, possession with intent to distribute cocaine, the defendant was sentenced to 18 years' imprisonment at hard labor, the first two years of this sentence being without the benefit of probation, parole or suspension of sentence. This sentence was vacated, and defendant was sentenced as a second felony offender to 18 years' imprisonment at hard labor without benefit of probation or suspension of sentence.
La.R.S. 40:967(B)(4)(b) provides that for this conviction, the defendant
shall be sentenced to a term of imprisonment at hard labor for not less than two years nor more than thirty years, with the first two years of said sentence being without benefit of parole, probation, or suspension of sentence; and may, in addition, be sentenced to pay a fine of not more than fifty thousand dollars.
As a second felony offender, the defendant faced a possible sentencing range of 15 to 60 years imprisonment. See La.R.S 15:529.1(A)(1)(a).
In State v. Clark, 05-61, pp. 16-18 (La. App. 5 Cir. 6/28/05), 909 So.2d 1007, 1017-18, writ denied, 05-2119 (La.3/17/06), 925 So.2d 538, this Court found a 25-year sentence for possession with intent to distribute *253 cocaine was not constitutionally excessive, where the defendant was a fourth felony offender, having been convicted of theft over five hundred dollars, armed robbery, and possession of heroin; and also had an extensive arrest history.
In State v. Mitchell, 41,931, pp. 5-7 (La. App. 2 Cir. 5/9/07), 956 So.2d 764, 767-68, the court upheld a 15-year sentence for possession with intent to distribute cocaine, where the defendant was a second-felony offender and the circumstances of the offenses suggested some level of involvement in the drug trade.
In State v. Antoine, 01-1036, pp. 10-12 (La.App. 3 Cir. 12/26/01), 804 So.2d 869, 876-77, the court affirmed the defendant's 15-year sentence for possession of cocaine with the intent to distribute, where the defendant was adjudicated a habitual offender due to a prior conviction for possession of cocaine with intent to distribute.
Count 4, Possession of CocaineLa.R.S. 40:967(C)
For Count 4, possession of cocaine, the defendant was sentenced to five years imprisonment at hard labor. According to La.R.S. 40:967(C)(2), he faced a sentencing range of imprisonment with or without hard labor for not more than five years and, in addition, could have received a fine of not more than five thousand dollars. Similar sentences were upheld in State v. Fairley, 02-168, pp. 5-6 (La.App. 5 Cir. 6/26/02), 822 So.2d 812, 815-16 and State v. Hill, 33-322, pp. 2-3 (La.App. 2 Cir. 4/5/00), 756 So.2d 1254, 1255, writ denied, 00-1879 (La.3/16/01), 787 So.2d 308.
We note further that all the sentences in this case were ordered to run concurrently; that the defendant had a previous conviction of manslaughter; and that the traffic stop revealed he was in possession of a firearm as well as of marijuana and of cocaine.
On appeal, the issue is whether the trial court abused its discretion, not whether another sentence might have been more appropriate. State v. Hawkins, 06-739 at 25, 968 So.2d at 1097.
After reviewing the defendant's sentences for excessiveness, we find, based on his past criminal history, that the sentences imposed are not excessive. The sentence for each count is within the statutory range and all sentences are to run concurrently. While the defendant received the maximum sentence on two of the four counts, a sentence of fifteen years for a felon in possession of a firearm is not excessive given the defendant's prior conviction of manslaughter, a crime of violence.
Accordingly, there is no merit to the defendant's excessive sentence claim.
PATENT ERRORS
The defendant requests an error patent review. Regardless of whether a defendant makes such a request, this Court routinely reviews the record for errors patent in accordance with La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir. 1990). We have discovered several such errors.
Discrepancies between Commitments and Transcripts
First, there are several discrepancies between the commitments and the transcripts.
The August 8, 2007 commitments reflect the defendant pleaded guilty to "DIST/WITD OF A CDSMARIJUANA" (Count 2) and "DIST/WITD OF A CDS COCAINE" (Count 3). According to the transcript, the defendant pleaded guilty to possession with intent to distribute marijuana (Count 2) and possession with intent *254 to distribute cocaine (Count 3). If a discrepancy exists between the minutes and the transcript, the transcript prevails. See State v. Lynch, 441 So.2d 732, 734 (La. 1983). Also, both commitments reflect defendant was sentenced to "18 years on counts 2, 3 concurrently." That could be interpreted to mean that defendant received one sentence for two counts or that defendant received 18 years imprisonment on each count; however, the transcript is clear. Defendant received determinate 18-year sentences for each count.
Another discrepancy involves Count 3. According to the transcript, the sentence for Count 3 was imposed with the first two years being without benefit of probation, parole or suspension of sentence. However, the commitment does not reflect this.
Also, the transcript reflects that all sentences were imposed at hard labor. The commitment reflects only a general statement that the defendant was sentenced to imprisonment at hard labor for 18 years.[5]
Finally, the sentence imposed on the habitual offender bill is unclear in the commitment. The restrictions of benefits are set forth, but it is difficult to determine if the commitment lists the enhanced sentence for Count 3 or is simply referring to the original sentence for Count 3. However, the transcript sets forth that defendant received an enhanced sentence of 18 years at hard labor without benefit of probation or suspension of sentence.
Accordingly, we remand the matter for correction of the commitments to conform to the transcripts, as noted above. See State v. Francois, 04-1147, p. 13 (La.App. 5 Cir. 3/29/05), 900 So.2d 1005, 1014.
Habitual Offender Sentence
Second, it appears the trial court erred in ordering that the habitual offender sentence be served without benefit of good time. Although the defendant apparently is ineligible for good time credit, the trial court has no role in determining eligibility for diminution of sentence, with certain exceptions. See La.R.S. 15:571.3; State v. Hotard, 04-1092, p. 1 (La.10/15/04), 885 So.2d 533, 534 (per curiam). Therefore, we amend the sentence to delete the denial of good time diminution. See State v. Carey, 07-674 (La.App. 5 Cir. 12/27/07), 975 So.2d 27, 30.
DECREE
For the foregoing reasons, the defendant's convictions and sentences are affirmed, the habitual offender sentence is amended to delete the denial of good-time diminution, and the matter is remanded for correction of patent errors as noted above.
HABITUAL OFFENDER SENTENCE AMENDED; OTHERWISE AFFIRMED; REMANDED FOR CORRECTION OF PATENT ERRORS.
NOTES
[1] Because this matter involves guilty pleas, the facts are taken from the motion hearings held on April 23, 2007 and June 11, 2007. In addition, at the plea proceeding the judge elicited a factual basis for the pleas. When asked whether he believed that entry of the pleas was in his best interest, the defendant responded, "Yes, sir."
[2] Detective Smith issued a citation to Jackson for not having an illuminated license plate and for improper equipment.
[3] In the factual basis for the plea to the marijuana count, the State advised the court that if the case went to trial the State would prove that the police found over seven grams of marijuana in two separate packages, as well as $900.00 in cash with that marijuana.
[4] As stated in the original memorandum, the trial judge did not impose a fine when sentencing defendant, but did state during the colloquy that the court must impose a mandatory fine of $1000.00 and it would suspend the execution of that part of the sentence.
[5] The waiver of rights form, which states Count 2 was for violation of La.R.S. 40:966(A) does not reflect the correct statutory citation for Count 2, and it did not advise the defendant of the maximum sentence that could be imposed for Count 4. Nevertheless, the crime is described correctly in the waiver of rights form, and during the colloquy the trial judge stated that Count 2 was for violation of La. R.S. 40:966. Further, the transcript shows that during the colloquy the trial judge informed the defendant of the maximum sentence.