*8
 
 MARC E. JOHNSON, Judge.
 

 |2The defendant, Joseph A. Lindsay, was charged with one count of aggravated burglary and one count of aggravated battery. The defendant pled guilty to both charges. The trial judge sentenced the defendant to five years at hard labor on each count to run concurrently with credit for time served. Subsequently, the defendant filed a motion for reconsideration of sentence, which was denied. The defendant then filed an appeal of the denial of his motion to reconsider sentence and the excessiveness of his sentences from the 24th Judicial District Court. After review, we affirm the defendant’s convictions and sentences.
 

 STATEMENT OF THE CASE
 

 On July 24, 2006, the Jefferson Parish District Attorney’s Office filed a bill of information charging the defendant in count one with aggravated burglary, a violation of LSA-R.S. 14:60, and in count two with aggravated battery, a violation of LSA-R.S. 14:34. At his arraignment, the defendant pled not guilty. The defendant subsequently withdrew his not guilty plea and pled guilty to both | ¡.charges. The trial judge set a sentencing cap of five years as part of the plea agreement and ordered a pre-sentence investigation. After accepting the pleas and stating that he had considered the basis for the sentence in compliance with LSA-C.Cr.P. art 894.1, the trial judge sentenced the defendant to five years at hard labor on each count with credit for time served. The trial judge ordered the sentences to run concurrently.
 

 The defendant, subsequently, filed a
 
 pro se
 
 motion for reconsideration of sentence, which the trial court denied after finding that the defendant was sentenced according to the plea agreement. Afterward, the defendant filed a
 
 pro se
 
 application for post-conviction relief, which the trial court denied. The defendant filed a motion for an out-of-time appeal, which the trial court also denied. Subsequently, the defendant filed an “Application for Post-Conviction Relief and Out-of-Time Appeal,” which was granted by the trial court. This Court is now reviewing defendant’s out-of-time appeal.
 

 FACTS
 

 The defendant pled guilty to the charged offenses
 
 [1]
 
 . The bill of information indicates that the defendant committed an aggravated burglary of an inhabited dwelling belonging to Julia Torrella and/or William Petrolli; and, during the aggravated burglary, the defendant committed an aggravated battery upon Petrolli with a knife. At the defendant’s sentencing hearing, the State informed the court that the defendant entered the victims’ home at three o'clock in the morning armed with two large knives. The defendant stabbed Pe-trolli, and then engaged in a physical fight in which Petrolli was further injured.
 

 Before sentencing the defendant, the trial judge noted that the probation officer who conducted the pre-sentence investigation recommended the maximum |4allowabIe sentence under the law. The trial judge also took into account the defendant’s criminal history detailed in the pre-sentence investigation report. The trial judge noted that the defendant was charged with disturbing the peace in 1988. There was no disposition found. In 1990, the defendant was charged with an “uttering offense”
 
 [2]
 
 for which he received a suspended sentence of three
 
 *9
 
 years. The defendant was then placed on active probation for three years. In 1991, the defendant was charged with disturbing the peace and resisting a police officer in New Orleans. There was no disposition found.
 
 [3]
 
 In 1993, the defendant was arrested for DWI. There was no record of the disposition found. In 1998, the defendant was charged with attempted first degree murder and simple battery. The charges were refused after the victim refused to testify for the prosecution. In 2002, the defendant was charged with simple battery. The defendant pled guilty. In 2004, the defendant again was charged with simple battery. The defendant pled guilty to the amended charge of disturbing the peace.
 
 [4]
 
 In October of 2005, the defendant was charged with domestic abuse and simple battery, as well as unauthorized entry of an inhabited dwelling. The charges were refused after the victim refused to testify for the prosecution. In April of 2006, the defendant was charged with two counts of violating a protective order.
 
 [5]
 
 The defendant pled guilty and was sentenced to 90 days in parish prison with credit for time served.
 
 [6]
 

 |sThe trial judge took note of the defendant’s alcohol problem and recently discovered bipolar diagnosis, as well as sentencing factors pursuant to LSA-C.Cr.P. art. 894.1. The trial judge asserted that because of his age the defendant previously should have found out about his bipolar disease and tried to correct the problem prior to the hearing. In addition, the trial court asserted that the defendant should have previously found a correlation between his many arrests and his use of alcohol. The trial judge stated that he did not think the influence of alcohol on the defendant could be used to mitigate his sentence. The trial judge also asserted that placing the defendant on probation would present a serious risk. The trial court noted that he found it particularly disturbing that the victims were in “their home at night and [were] awakened by [the defendant] climbing through the window armed with two knives.” The defendant was sentenced to five years imprisonment at hard labor and was given credit for time served.
 

 ASSIGNMENT OF ERROR NUMBER ONE
 

 Respectfully, the district court erred in the denial of the motion to reconsider sentence.
 

 ASSIGNMENT OF ERROR NUMBER TWO
 

 Respectfully, the five-year sentence imposed in this matter were [sic] unduly harsh given the extensive prior medical and psychological history of the defendant.
 

 DISCUSSION
 

 “[A] defendant cannot appeal or seek review of a sentence imposed in con
 
 *10
 
 formity with a plea agreement which was set forth in the record at the time of the plea.” LSA-C.Cr.P. art. 881.2(A)(2). This subsection of the statute applies to plea agreements involving specific sentences, as well as, to plea agreements involving sentencing caps.
 
 State v. Jackson,
 
 07-975, p. 7 (La.App. 5 Cir. 4/15/08), 985 So.2d 246, 250-251. A defendant is not entitled to appellate review of his | f,sentences that are imposed in conformity with his plea agreement.
 
 State v. Jackson,
 
 07-975 at 8, 985 So.2d at 251.
 

 On appeal, the defendant claims that the trial judge and his trial counsel were unaware of his approximately 15-year medical history with bipolar disease. The defendant contends that this relevant psychological history was not contained in the pre-sentence investigation. The defendant argues that without this information the trial judge could not have considered any possible mitigation and, therefore, he received the maximum possible sentence pursuant to the plea agreement. According to the defendant, he is requesting consideration and a full sentence review on his
 
 pro se
 
 motion to reconsider sentence. The defendant specifically states that he is not claiming ineffective assistance of counsel on appeal.
 

 The State claims that the defendant cannot seek appellate review of his sentence because the trial judge imposed his sentence within the sentencing cap that was part of his plea agreement. The State also claims that the trial court was aware of the cumulative information introduced by the defendant regarding his prior medical and psychological history in the pre-sentence investigation report.
 

 At the defendant’s sentencing hearing, Julia Torrella, one of the victims, testified that she and the defendant previously were in a relationship. According to Tor-rella, alcohol affects the defendant’s behavior. Torrella testified that the defendant had previously threatened her after she moved out and before the incident by informing her that he knew of her new residence.
 

 The defense attorney claimed that the defendant’s problem was alcohol related. The defense attorney also informed the court that subsequent to the defendant’s plea and the trial court placing a sentencing cap of five years, he learned about the defendant’s history of bipolar disease. According to the defense |7attorney, the defendant had tried to get the medication that he needs for his bipolar disease. However, it was unavailable. The defense attorney argued that the defendant’s inability to take the bipolar medication and his alcohol problem caused the defendant’s bizarre behavior. Defense counsel suggested that the trial court give the defendant the five-year sentence, and then suspend it and give the defendant some time on probation utilizing an ankle bracelet that detects alcohol usage.
 
 [7]
 
 The State argued that the defendant pled guilty to aggravated battery, which is a crime of violence and, therefore, his sentence should not be suspended.
 

 In his
 
 pro se
 
 motion for reconsideration, the defendant alleged that the District Attorney and the Pre-sentence Investigator had employed unspecified tactics. The defendant also claimed that his trial counsel was ineffective and that his trial counsel failed to make the trial court aware of the “mitigating circumstances surrounding
 
 *11
 
 [his] case even though he understood them.”
 

 In the present case, the defendant claims that his sentences are “unduly harsh.” The defendant appears to argue that the trial court erred in imposing the maximum sentence agreed upon under the sentencing cap because the trial judge was not aware of previous medical information, which could have mitigated the imposed sentences.
 

 The record reveals that the defendant received a sentence of five years at hard labor on each count, which was within the agreed upon sentencing cap. In its order of September 5, 2007, in which the trial judge denied the defendant’s
 
 pro se
 
 motion for reconsideration of his sentence, the trial judge stated that the defendant received the “bargained-for sentence.” The trial judge also stated that the imposed sentences were well below the maximum allowed by law. The trial judge noted lathat aggravated battery is punishable by no more than ten years and aggravated burglary is punishable by between one and thirty years at hard labor.
 

 The guilty plea waiver form signed by the defendant states that his sentencing cap is five years at hard labor. Since the defendant was sentenced within the sentencing cap that was part of his plea agreement, he is not entitled to appellate review of his sentences that were imposed in conformity with his plea agreement.
 
 [8]
 

 State v. Jackson,
 
 07-975 at 8, 985 So.2d at 251.
 

 These assignments of error merit little consideration. Therefore, this Court will not disturb the trial court’s ruling. We affirm the defendant’s convictions and sentences.
 

 CONVICTIONS AND SENTENCES AFFIRMED.
 

 WICKER, J., concurs without reasons.
 

 [1]
 

 . Because the defendant pled guilty, the facts are gleaned from the bill of information, the sentencing hearing, and the pre-sentence investigation.
 

 [2]
 

 . According to the pre-sentence investigation report, the utter charge involved the passing of a forged check.
 

 [3]
 

 . According to the pre-sentence investigation report, the defendant was charged with battery on June 20, 1992. No record of the disposition was found.
 

 [4]
 

 . According to the pre-sentence investigation report, an attachment for the defendant was issued for failure to pay a fine.
 

 [5]
 

 . In the "Victim/Complainant’s Statement” included in the pre-sentence investigation report, Torrella informed the investigator that ''[a]fler moving to another state, [the defendant] called her on July 26th, 2006 and told her that he had done a background search on the Internet on her and he told her the address where she and her daughter were living.” According to the report, Torrella told the investigator, “she was terrified that [the defendant] would come after her in Tennessee after he called her....”
 

 [6]
 

 . According to the pre-sentence investigation report, the defendant was charged again with violating a protective order on March 17, 2007. The Commissioner’s hearing on the charge was scheduled on the same date the pre-sentence investigation report was due.
 

 [7]
 

 . Defense witness Christian Helmke, an owner and co-manager of E.T.O.H. Monitoring, testified that his company uses an ankle bracelet similar to a home incarceration bracelet that monitors for the presence of alcohol in insensible perspiration from the skin by sending it to a fuel cell inside the bracelet.
 

 [8]
 

 . It is noted that the pre-sentence investigation report states that the defendant was diagnosed with bipolar disease in October of 2005. Therefore, the trial court was aware of this date upon reviewing the report at the sentencing hearing. While on appeal the defendant maintains that at the time of his sentencing he had a 15-year history of suffering with bipolar disease, nothing in the record indicates that this is the case.