JUDE G. GRAVOIS, Judge.
 

 |2The defendant, Tracey Smith, has appealed his four 30-year concurrent sentences imposed as a result of his guilty plea to three counts of armed robbery and one count of second degree kidnapping. For the reasons that follow, we affirm.
 

 FACTUAL AND PROCEDURAL BACKGROUND
 

 On February 11, 2008, the Jefferson Parish District Attorney filed a bill of information charging the defendant with three counts of armed robbery (Counts 1, 2, and 3) and one count of second degree
 
 *263
 
 kidnapping (Count 4) in violation of LSA-R.S. 14:64 and 14:44.1, respectively. After the denial of his motion to suppress statement, evidence, and identification, the defendant entered a guilty plea to the charges under
 
 State v. Crosby,
 
 338 So.2d 584 (1976).
 

 The bill of information and the factual basis presented by the State during the guilty plea colloquy indicate that on January 1, 2008, the defendant and his co-_Jdefendant,3 Brittany Rogers, robbed Lorrie Fisher while armed with a firearm, and on January 9, 2008, they robbed Son Nguyen and Tiffany Stafford while armed with a firearm and they also committed the second degree kidnapping of Tiffany Stafford.
 

 After accepting the defendant’s guilty pleas, the trial judge stated that she wanted to determine an appropriate and just sentence for the defendant taking into account the fact that the defendant committed these crimes when he was 16 years old as well as the severity of these crimes. On August 20, 2008, the trial judge held a hearing in order to allow the defendant and his family as well as the victims and their families to give statements to the Court.
 

 At this hearing, Lorrie Fisher, one of the 'victims, read a victim impact statement regarding the robbery that occurred on January 1, 2008 in front of her home on Willowbrook Drive in Gretna. Ms. Fisher asked the defendant and the co-defendant what made them think they had the right to put two strangers at risk, to point a gun to her head, to tell her to get on the ground and call her the “b” word, to take her car and purse, and to throw her personal belongings in the parking lot at Oak-wood Shopping Center. Moreover, she said that she had to plead for the life of her four-year-old son and that the “callus” defendant would have driven off in the car with her son inside if she had not done so. She explained how this incident has impacted her life and that of her young son.
 

 Another victim, Son Nguyen, sent a letter to the court, which was read into the record. In his letter, Mr. Nguyen stated that he was terrified and shocked when the gun was pointed at his head and his life flashed before his eyes. He was placed in the trunk and knew that he might not get out alive, so he prayed for his life. The letter explained how this incident impacted his life.
 

 |/Tiffany Stafford, the third victim, testified that she was 22 years old on January 9, 2008. Around midnight on that date, she drove home from work, pulled into her driveway and sent a text message to her boyfriend as she parked in the driveway, saying she was home. After she turned her engine off, she got out of her car and noticed that a vehicle had driven past her house. Once she was out of her car, the other vehicle backed up and parked in front of her yard.
 

 Ms. Stafford then observed a young man exiting the driver’s side of the vehicle and a young lady exiting the passenger side. She then saw them moving towards her. The girl, who was holding a gun, stayed at a distance, while the boy continued to move towards her. Ms. Stafford threw her purse with her car keys inside of it on the ground and told the boy to take it. The boy yelled, “Shut up. Shut up. Open your trunk. Get in your trunk.” Ms. Stafford then proceeded to pull the latch the open her trunk and moved towards the trunk. As she walked towards the trunk, the boy was standing next to the trunk and yelled to the girl, “Shoot her. Shoot her.”
 

 Ms. Stafford explained that she jumped into the trunk because she was scared and thought the girl was going to shoot her. The boy slammed the trunk closed. At
 
 *264
 
 that point, she heard the car door close. She called her mother, who was the closest to the scene and could get there the fastest, on her cell phone to tell her what was happening. She also called her boyfriend and told him the same thing. Ms. Stafford then heard the defendant say, “She has her cell phone. We need to get her cell phone.” She hung up with her boyfriend and called 911 giving them her address and a description of her car, telling them she was in the trunk. Soon after that, she felt the car hit something and stop. The next thing she knew, she heard her stepfather calling out her name. She yelled out to him that she was in the trunk. Ms. Stafford testified at length as to how this incident has impacted |sher life. Other family members of her also testified and/or submitted letters to the trial court explaining how this incident impacted her life.
 

 Immediately following the victims’ impact statements, the trial judge sentenced the defendant to imprisonment at hard labor for 30 years each on Counts 1, 2, and 3 without benefit of parole, probation, or suspension of sentence, and to imprisonment at hard labor for 30 years on Count 4, with the first two years of that sentence to be served without benefit of parole, probation, or suspension of sentence. All sentences were ordered to run concurrently.
 

 On September 25, 2008, the defendant filed a motion for appeal that was granted. On January 13, 2009, the Jefferson Parish Clerk of Court filed a motion to dismiss the appeal for failure to pay costs. The defendant filed an application for post-conviction relief on March 26, 2009, seeking to reinstate his right to an out-of-time appeal, which the trial court denied on April 14, 2009. On May 19, 2009, the trial court granted the motion to dismiss the appeal. The defendant then filed another application for post-conviction relief on July 10, 2009, seeking to reinstate his right to an out-of-time appeal, which the trial court granted.
 

 ASSIGNMENT OF ERROR NUMBER ONE
 

 On appeal, the defendant argues that the four 30-year concurrent sentences imposed on him are unconstitutionally excessive, as he was a juvenile when these crimes occurred. He further argues that, although he had several prior juvenile arrests, and the instant offenses involved three separate victims, his and his co-defendant’s actions were “clearly those of a young person and subject to every whim and breeze in the air.” He contends that the aggregate 30-year sentence without benefit of parole, probation, or suspension of sentence means that he will be well into middle age when he finally is released, and that his most productive | (¡years will be behind him, spent in prison. He asserts that, considering his age and history, his sentence is unconstitutionally excessive.
 

 The State responds that the trial court considered the evidence, including the fact that the defendant committed and pled guilty to four violent crimes, and it imposed reasonable sentences. The State further responds that the defendant’s sentences are within the sentencing range provided by the statutes and are not excessive.
 

 The record reflects that during the plea colloquy, the trial judge informed the defendant that she was going to sentence him “at no more than 30 years at hard labor” on each count to run concurrently, explaining that she was going to take testimony from the victims, the defendants, and family members at the sentencing hearing. The trial judge further stated that if she decided there was anything that made her feel she should “come down off of the 30,” she might, but he “should not count on it.” The defendant indicated that
 
 *265
 
 he understood. Additionally, the guilty plea form states that the defendant was advised that there would be a cap of 30 years on each armed robbery count and on the second degree kidnapping count and that the defendant indicated that he understood those sentences by writing his initials next to that statement.
 

 Under LSA-C.Cr.P. art. 881.2(A)(2), a “defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.” This prohibition encompasses sentences imposed pursuant to plea agreements setting forth specific sentences as well as plea agreements with sentencing caps.
 
 State v. Bolton,
 
 02-1034, p. 10 (La. App. 5 Cir. 3/11/03), 844 So.2d 135, 142,
 
 writ denied,
 
 03-1159 (La.11/14/03), 858 So.2d 417.
 

 17The guilty plea colloquy and the waiver of rights form show that the defendant was informed and understood that his four sentences would be capped at 30 years. After listening to the testimony at the sentencing hearing, the trial judge imposed 30-year sentences on each of the four counts to run concurrently. Because those sentences were imposed in conformity with a plea agreement which was set forth in the record at the time of the plea, the defendant cannot seek review of them on appeal, even though they involved sentencing caps and not specific sentences.
 
 State v. Young,
 
 96-0195, p. 7 (La.10/15/96), 680 So.2d 1171, 1175;
 
 State v. Lindsay,
 
 09-397, p. 5 (La.App. 5 Cir. 12/8/09), 30 So.3d 7, 10.
 

 ASSIGNMENT OF ERROR NUMBER TWO
 

 The defendant argues that the failure of trial counsel to file a motion to reconsider sentence should not preclude this Court from considering the constitutionality of the sentence; and, in the event it does, then he contends that the failure of trial counsel constitutes ineffective assistance of counsel.
 

 The State responds that this Court has reviewed sentences for constitutional ex-cessiveness even when a defendant has failed to file a motion to reconsider sentence and/or to state a general objection. Therefore, because this Court can review the defendant’s sentence, the State argues that the defendant has not been prejudiced by his counsel’s failure to object to the sentence or to file a motion to reconsider sentence. Moreover, the State contends that the defendant’s sentence is not excessive, and the defendant cannot show that there is a reasonable probability that, but for counsel’s error, his sentence would have been different.
 

 Our finding that the defendant is precluded from appealing his sentences under LSA-C.Cr.P. art. 881.2 renders this assignment of error moot. Nevertheless, we note that this Court routinely reviews sentences for constitutional excessiveness |8in the absence of defendant’s timely objection or the filing of a motion to reconsider the sentence.
 
 State v. Fisher,
 
 03-326, p. 16 (La.App. 5 Cir. 7/29/03), 852 So.2d 1075, 1084,
 
 writ denied,
 
 03-2545 (La.5/14/04), 872 So.2d 510. Therefore, trial counsel’s failure, in this case, to file a motion to reconsider the sentence would not prejudice the defendant by denying him such review.
 

 Further, the mere failure to file a motion to reconsider sentence does not in and of itself constitute ineffective assistance of counsel.
 
 State v. Fairley,
 
 02-168, p. 7 (La.App. 5 Cir. 6/26/02), 822 So.2d 812, 816. A defendant must also “show a reasonable probability that, but for counsel’s error, his sentence would have been different.”
 
 Id.
 
 Based on the fact that the defendant knowingly pled guilty after being in
 
 *266
 
 formed that he would receive a sentence no greater than 30 years, we find that the defendant cannot show that but for counsel’s alleged error, he would have received a different sentence.
 

 ERRORS PATENT DISCUSSION
 

 The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920;
 
 State v. Oliveaux,
 
 312 So.2d 337 (La.1975);
 
 State v. Wetland,
 
 556 So.2d 175 (La.App. 5 Cir.1990). There are no errors patent that require corrective action.
 

 CONCLUSION
 

 For the foregoing reasons, the defendant’s sentences are affirmed.
 

 AFFIRMED.