756 So.2d 1254 (2000)
STATE of Louisiana, Appellee,
v.
Michael Dwain HILL, Appellant.
No. 33,322-KA.
Court of Appeal of Louisiana, Second Circuit.
April 5, 2000.
Peggy Sullivan, Louisiana Appellate Project, Rick Warren, Indigent Defender Board, Counsel for Appellant.
Richard Ieyoub, Attorney General, James M. Bullers, District Attorney, L. Charles Minifield, J. Schuyler Marvin, Assistant District Attorneys, Counsel for Appellee.
Before WILLIAMS, GASKINS and DREW, JJ.
PER CURIAM.
The defendant, Michael Dwain Hill, pled guilty as charged to one count of possession of cocaine in exchange for the dismissal of related charges of possession of drug paraphernalia and resisting an officer by providing a false name. The trial court sentenced the defendant to serve the maximum term of imprisonment, five years at *1255 hard labor, and ordered that the sentence be served consecutively to any other sentence the defendant was required to serve. Following the denial of the defendant's timely motion for reconsideration, he appeals his sentence as excessive. We affirm.
On September 30, 1998, a Minden police officer made a traffic stop on a vehicle in which the defendant was a passenger. The officer saw the defendant put something in his sock. When asked what he had done, the defendant refused to answer. A search conducted for officer safety disclosed that the defendant had concealed a dollar bill containing crack cocaine. The officer also found marijuana close to where the defendant had been sitting in the car. The defendant initially gave a false name when he was arrested. Laboratory analysis confirmed that the substance found on the defendant's person was cocaine.
Before imposing sentence, the trial court reviewed a pre-sentence investigation report which detailed the facts of the case and the defendant's background. His criminal history began in 1991 with a conviction for possession of cocaine, for which he received a probated sentence. In 1994, he was convicted for careless operation of a motor vehicle. He earned his second drug conviction in 1995 for possession of marijuana; he was fined for that offense. The defendant had an outstanding bench warrant on a 1996 traffic charge. Due to his prior conviction for cocaine possession, he was classified as a second felony offender. The court noted that the defendant had obtained the dismissal of other charges through his plea bargain.[1]
As to his personal background, the defendant had two children who neither lived with the defendant nor obtained support from him. He had a sporadic employment record but claimed to be working part-time when sentence was imposed. A high school graduate, the defendant had attended approximately six months of college level courses. He had received substance abuse treatment during his prior probation period.
The trial court determined that the defendant had not learned the appropriate lessons from the first probated sentence. The court opined that a lesser sentence would deprecate the seriousness of the offense. The court found there was a strong likelihood of continued criminal conduct if the defendant were granted probation again. The court believed that by giving the police a false name, the defendant indicated his knowledge that his criminal conduct was more serious due to his prior felony conviction. Finally, the court found the defendant was in need of treatment most effectively provided by incarceration.
The trial court adequately articulated its reasons for imposing sentence. Furthermore, on this record we do not find constitutional error. The 31-year-old defendant was not a youthful offender. He had two prior drug-related convictions. He obtained a benefit from his plea bargain which reduced the number of charges against him. The prior drug-related convictions, alone, warrant the imposition of the sentence adjudged herein. The sentence does not shock our sense of justice, nor does the term of imprisonment imposed constitute an abuse of the trial court's sentencing discretion. Therefore, the sentence is not constitutionally excessive.
The defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] Misdemeanor charges of possession of drug paraphernalia and resisting an officer by providing a false name were dismissed pursuant to the plea bargain. However, a felony charge of marijuana possession, second offense, was not dismissed.