NOT DESIGNATED FOR PUBLICATION

**STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT**

**KA 14-302**

**STATE OF LOUISIANA**

**VERSUS**

**SIMON J. CASTILLE, JR.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 84561
HONORABLE JOHN C. FORD, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**BILLY HOWARD EZELL
JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Billy Howard Ezell, and J. David Painter, Judges.

**AFFIRMED.**

**Asa Allen Skinner**
**District Attorney, Thirtieth Judicial District Court**
**P. O. Box 1188**
**Leesville, LA 71496-1188**
**(337) 239-2008**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Peggy J. Sullivan**
**La. Appellate Project**
**P. O. Box 2806**
**Monroe, LA 71207**
**(318) 855-6038**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Simon J. Castille, Jr.**

**Terry Wayne Lambright**
**118 S. Third St., Suite A**
**Leesville, LA 71446**
**(337) 239-6557**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**EZELL, Judge.**

The Defendant, Simon J. Castille, Jr., was charged by bill of information filed on March 5, 2013, with distribution of cocaine, a violation of La.R.S. 40:967. The Defendant entered a plea of not guilty on the same date. On June 12, 2013, the Defendant entered a plea of guilty to the lesser offense of possession of cocaine.

On August 20, 2013, the Defendant was sentenced to serve five years at hard labor and to pay a fine of $2,500.00 plus court costs. The trial court suspended the term of imprisonment and placed the Defendant on supervised probation for a period of five years. On September 5, 2013, the State filed a motion to correct illegal sentence, alleging the Defendant was a third offender and his sentence could not be suspended. The trial court granted the State's motion on December 11, 2013, and sentenced the Defendant to serve five years at hard labor, to run concurrently with any other sentence. On December 16, 2013, the trial court resentenced the Defendant, informing him of the time in which he had to file an appeal and to seek post-conviction relief. The Defendant filed a motion to reconsider sentence on December 23, 2013. The motion was subsequently denied.

A motion for appeal was filed on January 7, 2014, and was subsequently granted. The Defendant is now before this court asserting two assignments of error. Therein, he contends the sentence imposed is excessive under the facts and circumstances of this case and the trial court failed to enunciate sufficient reasons under the provisions of La.Code Crim.P. art. 894.1 to particularize the sentence to him or to allow a reasoned review of the sentence imposed.

# FACTS

On or about December 15, 2011, the Defendant, while on video, sold cocaine through a confidential informant.

# ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find no errors patent.

# ASSIGNMENTS OF ERROR NUMBERS ONE AND TWO

In his first assignment of error, the Defendant contends the sentence imposed of five years at hard labor is unconstitutionally harsh and excessive under the facts and circumstances of this case. In his second assignment of error, the Defendant contends the trial court failed to enunciate sufficient reasons under the provisions of La.Code Crim.P. art. 894.1 to particularize the sentence to him or to allow a reasoned review of the sentence imposed by this court.

The Defendant timely filed a pro se motion for reconsideration and merely alleged his sentence was excessive. Because the Defendant's claims regarding La.Code Crim.P. art. 894.1 were not set forth in the motion for reconsideration of sentence, the Defendant's second assignment of error will not be reviewed by this court.[1] *See* La.Code Crim.P. art. 881.1(E); *State v. Prejean*, 10-480, p. 2 (La.App. 3 Cir. 11/3/10), 50 So.3d 249, 251. However, we will review the Defendant's sentence for constitutional excessiveness.

---

[1] Defendant will not be able to raise these issues on post-conviction relief because sentencing issues are precluded from review on post-conviction relief under *State ex rel. Melinie v. State*, 93-1380 (La. 1/12/96), 665 So.2d 1172.

This court discussed the standard of review applicable to claims of excessiveness in *State v. Whatley*, 03-1275, pp. 5-6 (La.App. 3 Cir. 3/3/04), 867 So.2d 955, 958-59 (first and second alterations in original), as follows:

> The Eighth Amendment to the United States Constitution and La. Const. art. I, § 20 prohibit the imposition of cruel or excessive punishment. " '[T]he excessiveness of a sentence becomes a question of law reviewable under the appellate jurisdiction of this court.' " *State v. Dorthey*, 623 So.2d 1276, 1280 (La.1993) (quoting *State v. Sepulvado*, 367 So.2d 762, 764 (La.1979)). Still, the trial court is given wide discretion in imposing a sentence, and, absent a manifest abuse of that discretion, we will not deem as excessive a sentence imposed within statutory limits. *State v. Pyke*, 95-919 (La.App. 3 Cir. 3/6/96), 670 So.2d 713. However, "[m]aximum sentences are reserved for the most serious violations and the worst offenders." *State v. Farhood*, 02-490, p. 11 (La.App. 5 Cir. 3/25/03), 844 So.2d 217, 225. The only relevant question for us to consider on review is not whether another sentence would be more appropriate, but whether the trial court abused its broad discretion in sentencing a defendant. *State v. Cook*, 95-2784 (La.5/31/96), 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).
>
> The fifth circuit, in [*State v.*] *Lisotta*, [98-646 (La.App. 5 Cir. 12/16/98),] 726 So.2d [57] at 58, stated that the reviewing court should consider three factors in reviewing the trial court's sentencing discretion:
>
> 1. The nature of the crime,
>
> 2. The nature and background of the offender, and
>
> 3. The sentence imposed for similar crimes by the same court and other courts.

The Defendant pled guilty to possession of cocaine, which is punishable by imprisonment at hard labor for not more than five years and a possible fine of not more than $5,000.00. La.R.S. 40:967(C)(2). The Defendant was sentenced to serve five years at hard labor, to run concurrently with any other sentence.

When the Defendant was originally sentenced on August 20, 2013, the trial court stated:

3

Defendant is 31 years of age. The offense is possession of Cocaine. The penalty is five years, $5,000 fine or both. The facts are this defendant sold Cocaine to an undercover agent. They've modified the plea to possession of Cocaine. Not too smart selling Cocaine, especially to an undercover agent. You don't ever really know, you know. The plea was taken July 12th, 2013. The plea agreement was to allow the defendant to plead to a lesser included offense. The Court considers the sentencing guidelines under Article 894.1, the pre-sentence report and its contents. The Court finds this is this defendant's second felony offense.

On December 11, 2013, the trial court granted the State's motion to correct illegal sentence. The Defendant testified before he was sentenced, informing the trial court that he had committed three felonies, he had not been in trouble since 2011, he had moved to Alexandria, he had obtained custody of his children, his wife just had a baby via C-section, and he had been working at Candlewood Suites for one year. The Defendant testified that he moved to Alexandria because he did not know anyone there and could get away from the environment he had been in. The Defendant then indicated that he attempted to gain entry to the drug court program in Rapides Parish.

The trial court then stated the following prior to sentencing the Defendant:

Mr. Castille, I understand your predicament and I really do feel for your family and your children, you know. But that's what happens when you deal in drugs and this case - - this is a third felony offense for you and it was the result of a distribution which was reduced to a possession. The Court has a pretty standard sentence in those circumstances where I sentence you to five years hard labor, so that's what the sentence is going to be.

On December 16, 2013, the trial court noted that it failed to advise the Defendant of his right to appeal. It then stated the following, in part:

The Court would for re-sentencing, the Court would sentence you to serve five years at hard labor, Louisiana Department of Public Safety and Corrections, with credit for time served since the date of your arrest. You have 30 days within which to appeal and two years within which to file a post conviction relief.

4

The Defendant contends two years passed between the date of the offense and sentencing. During that time, he took steps to change his life, as he continued working, stayed out of trouble, and took care of his family, but he was treated on par with everyone else. The Defendant alleges the trial court made no mention of his work history, glossed over the hardship to his family, and did not mention the fact that he moved to get away from a problem environment. The Defendant argues he is not the worst offender and the offense he committed is not the worst of offenses; thus, he should not have received a maximum sentence.

The Defendant sold cocaine to police; however, as part of a plea bargain, the original charge of distribution of cocaine was reduced to possession of cocaine. In considering the circumstances of the Defendant, we note that, at the time of sentencing, the Defendant was a thirty-one-year-old third offender who worked and took care of his family.

The Defendant's sentence is comparable to those imposed in several cases. In *State v. Blanton*, 10-517 (La.App. 1 Cir. 9/10/10) (unpublished opinion), the first circuit upheld a five-year sentence for possession of cocaine wherein the defendant had a prior felony conviction involving a controlled dangerous substance.

In *State v. Thomas*, 08-1358 (La.App. 3 Cir. 5/6/09), 18 So.3d 127, this court upheld the maximum five-year sentence for a third felony drug offender who benefitted from the state's reduction of the original charge of possession with intent to distribute and who had a history of parole and probation revocation.

In *State v. Williams*, 07-490 (La.App. 3 Cir. 10/31/07), 969 So.2d 744, this court found the imposition of the maximum sentence for possession of cocaine was not excessive where it was the defendant's third drug conviction, he received a

5

benefit from the reduction of his original charge of possession with intent to distribute cocaine, and the state agreed not to file a habitual offender bill.

In *State v. Hill*, 33,322 (La.App. 2 Cir. 4/5/00), 756 So.2d 1254, *writ denied*, 00-1879 (La. 3/16/01), 787 So.2d 308, the second circuit held that the maximum term of five years at hard labor was not excessive for a thirty-one-year-old defendant with two prior drug convictions.

In *State v. McCorkle*, 97-966 (La.App. 5 Cir. 2/25/98), 708 So.2d 1212, the fifth circuit affirmed a five-year sentence for possession of cocaine in a case in which the trial court imposed no fine on a defendant who had a criminal history indicating that he was a career criminal with no prior convictions.

Based on the plea bargain, the Defendant's criminal history, and the cases cited herein, the Defendant's sentence is not excessive. Accordingly, the Defendant's first assignment of error lacks merit.

### DECREE

The Defendant's sentence is affirmed.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal. Rule 2–16.3.